This is an appeal from an order of the special term, sitting in probate, reducing funeral expenses in the above case to $300.
It appears from an agreed statement of facts that the decedent left personal and real estate in the city of Washington amounting to between $35,000 and $45,000, and a will, in which he designated Andrew J. Joyce and Thomas J. Meyers as his executors. Mrs. Elizabeth C. Earhart is one of the heirs and next of kin to the deceased, and is also a devisee under the will. The personal estate is not sufficient to pay the debts against the estate in full. The costs and expenses of the funeral, as paid by the executors, amounted to the sum of $417; and the said executors filed their accounts in court, and claimed allowance and credit for said funeral expenses.
Mrs. Earhart objected to the allowance of all of said sum of $417 as funeral expenses.
Thereupon the court ordered and decreed that said funeral expenses be reduced to $300, and that said executors be allowed credit for that sum; and further ordered that the sum of $117, part of said funeral expenses, be not allowed against the estate.
William J. Miller, for the executors.
Durant & Hornor, for Mrs. Earhart.
The executors appealed in open court from said orders and decrees, and said appeals are duly noted on records of said court.
The act of Maryland of 1778, chapter 100, section 15, concerning executors and administrators’ accounts, reads as follows : “ On the other side shall be stated the disbursements by him made, viz.: 1st. Funeral’ expenses to be allowed at the discretion of the court, according to the condition and circumstances of the deceased, not exceeding three hundred dollars.”
The executors are by the will directed in their discretion to decently bury the body of the testator.
At the close of the argument the court affirmed the decrees, saying that the language of the act was plain and decisive, that the funeral charges should not exceed the sum of $300 ; and that the expression of the will, that the testator should be decently buried at the discretion of his executors, did not release them from putting' the estate to any greater expense.