## Severns's Estate (No. 2).

*Will—Power of sale—Discretionary power—Failure to act.*

Testatrix died seized of a dwelling house, and leaving to survive her three daughters, one married and two unmarried. She appointed one of the unmarried daughters her executrix and authorized and empowered her to sell the residence "whenever and upon such terms as she may deem best, and to grant and convey the same to the purchaser or purchasers thereof free from all liability for or on account of the application of the purchase money. The proceeds of the sale of the said premises I direct my said executrix to divide among my said three daughters share and share alike." She further directed that the two unmarried daughters should have the sole right to occupy the residence "free of rent, taxes and water rent until the same shall be sold." The executrix made no effort or attempt to sell the property for three years after the death of the testatrix, and when she

was cited to show cause why she should not sell, answered that the time of the sale was discretionary in herself and that the condition of the real estate market did not warrant a sale. The other unmarried sister joined in the answer and in the opinion that the time was not suitable for offering the property for sale. The answer did not disclose that the sisters had any knowledge of the value of real estate in the neighborhood, or that they had consulted any parties who were informed on the subject. *Held,* that the answer was insufficient, and that the court would direct the executrix to sell the property in accordance with the provisions of the will.

Argued Jan. 10, 1905. Appeal, No. 201, Jan. T., 1904, by Clara W. Raleigh, from decree of O. C. Phila. Co., April T., 1902, No. 362, dismissing petition for sale of real estate in Estate of Harriet M. Severns, deceased. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Petition for order to sell real estate. Before HANNA, P. J. The court dismissed the petition.

*Error assigned* was the decree of the court.

*Joseph P. McCullen,* for appellant, cited: Rogers' Estate, 185 Pa. 428 ; McClane v. McClane, 207 Pa. 465 ; Hall's App., 112 Pa. 42.

*James Alcorn,* for appellee.—A discretion vested in an executor cannot be interfered with by the court, nor can he be compelled by the court to exercise it: Wilson's Appeal, 1 W. N. C. 321 ; Parsons's Estate, 82 Pa. 465 ; Peterson's Appeal, 88 Pa. 397 ; Seeds v. Burk, 181 Pa. 281.

OPINION BY MR. JUSTICE MESTREZAT, March 6, 1905 :

By her will, dated July 22, 1890, probated May 9, 1901, Harriet M. Severns provides, inter alia, as follows : " Fourth : I authorize and empower my executrix hereinafter named to sell at public or private sale the premises No. 1127 Spruce street in the city of Philadelphia whenever and upon such terms as she may deem best and to grant and convey the same to the purchaser or purchasers thereof free from all liability for or on account of the application of the purchase money. The pro-

ceeds of the sale of the said premises I direct my said executrix to divide among my said three daughters share and share alike. My two daughters Florence and Minnie are to have the sole right to occupy the said dwelling No. 1127 Spruce street free of rent, taxes and water rent until the same shall be sold." The testatrix left to survive her three daughters ; Clara W. Raleigh, Minnie Severns and Florence J. Severns, the last of whom was appointed the executrix of the will.

Mrs. Raleigh presented her petition to the court below setting forth the above facts and further " that over a year and a half ago the account of the said executrix covering the assets and property of said estate of Harriet M. Severns, other than the said real estate and premises No. 1127 Spruce street, was duly filed, audited and settled, and that there remains for her nothing to do as executrix but to sell said real estate and to divide the proceeds thereof ; " that although the testatrix had been dead for almost three years, the executrix had made no effort to sell said real estate and divide the proceeds as directed by the will ; that in her desire and with the intent to prolong her occupancy of the premises the executrix had, in abuse of the discretion vested in her by the will, refrained from attempting to sell and dispose of the real estate to the injury of the petitioner ; and praying that a citation be awarded requiring the executrix to show cause why she should not sell the real estate and divide the proceeds as directed by the will. Florence J. Severns, the executrix, filed an answer in which she averred that she was given discretionary power as to the time and terms of sale of the premises, and denied that in not making the sale she had abused the discretion vested in her ; that she alone was to determine when it was proper and advisable to make the sale ; that at no time since her mother's death has she considered the property could have been sold to advantage and that in her judgment it was inadvisable to make sale of the premises, as the condition of the real estate market in that locality was not such as in her opinion the premises would have sold for such price as should be obtained for it. Her sister Minnie joined in the answer, setting forth in the paper filed by her, " that I do not desire that the said premises should be sold until a more advantageous time and do not believe that it would be to my interest or the interest of any of the others entitled to share therein to dispose

of the said premises at the present time." The application was heard on the petition and answer, and the court dismissed the petition holding that "from the answer it clearly appears the court at present has no jurisdiction to interfere with the discretion given the executrix by the will of the testatrix." In the opinion it is also said: "There does not appear to be an abuse of this discretion, and very good reasons are set forth by the executrix for her delay in disposing of the real estate; and in this delay she is joined by her sister, thus making two of the three parties interested in the premises."

In an opinion filed herewith in this same estate in an appeal by this appellant, we have affirmed the decree of the orphans' court in refusing, on appellant's application, an inquest to make partition of this real estate on the ground that the will worked a conversion of the property into personalty, and hence the appellant had no interest in the real estate, but only in the proceeds after it was sold.

In Erisman v. Directors of the Poor, 47 Pa. 509, the court says: "The objection that this dispenses with the discretion of the trustee (named in the will) has no merit. His discretion is but a legal one, and whenever the law determines that a proper case has arisen in which the trustee's discretion should have been exercised in a particular way he will be constrained to act in accordance therewith." In Williams's Appeal, 73 Pa. 249, AGNEW, J., delivering the opinion says: "A chancellor will so control a trustee that he shall not disappoint the true intent and purpose of the donor, as gathered from the instrument containing the power. To execute it otherwise is a fraud on the power. Hence, it is said, 'he must execute it *bona fide for the end designed.*'" In the opinion of the orphans' court in Laughlin's Estate, 131 Pa. 333, upon which the decree was affirmed by this court, it is said: "It was argued that the power of sale given the executors was discretionary and only operated as a conversion from the date of its exercise. But this power is plainly discretionary only as to the time of its exercise. The executors were empowered, 'when in their judgment they should find it prudent or for the best interests of the legatees and devisees.' The discretion was legal and its exercise could have been compelled: Erisman v. Poor Directors, 47 Pa. 509. When a discretionary power becomes imperative, it must be

regarded as a trust; for, unless it is executed the legatees cannot be paid, and the will is thereby defeated."

We do not regard the answer in this case as furnishing sufficient grounds to justify the court below in refusing to direct the executrix to proceed to execute the power conferred on her to make sale of the Spruce street property. There was no discretion vested in her as to the sale, as that was absolutely necessary to carry into effect the provisions of the will, and hence the testatrix must be regarded as having given a positive direction to sell. The discretion of the executrix was confined to the time and the terms of sale. She, however, was required to exercise her discretion in this respect so as to carry out the intention of the testatrix as disclosed by the will. She could not arbitrarily refuse to make a sale and thereby defeat the purposes of the will and prevent the legatees from receiving the proceeds of the property. Neither can she be permitted to unduly or indefinitely postpone a sale which will deprive the beneficiaries of realizing their legacies within a reasonable time, as is clearly contemplated in the will. Her discretion if thus exercised would defeat the manifest purpose of the testatrix. The three daughters were alike in the affections of their mother and the testatrix intended that they should share alike in the proceeds of the property. The fact that the unmarried daughters were to occupy the dwelling house until the sale of the property does not indicate an intention that there should be any discrimination in their favor by undue delay in making the sale, and hence it presents no grounds for postponing it. Their occupancy was manifestly expected and intended by the testatrix to be temporary and of short duration. The protection of the property made it necessary that it should be occupied until it was sold, and it was quite natural that the two unmarried daughters, who were doubtless residing in the house with their mother at the time of her death, should remain there until the executrix had disposed of it as directed by the will.

The learned judge gave too much weight to the answer under the circumstances of the case. The executrix was not a stranger to the beneficiaries, nor disinterested as to the time when the sale should be made. On the contrary, it was to the interest of the executrix and her unmarried sister that the sale should

be postponed and that the actual conversion of the property should not take place as long as it could be deferred. During the interim between the death of their mother and the sale, they were "to have the sole right to occupy said dwelling No. 1127 Spruce street free of rent, taxes and water rent." The appellant, the other sister, during this period was deprived of the use of the property and its proceeds, and was compelled to pay her share of the taxes and water rent charged against it. The interest of the two unmarried sisters in retaining the property in its present shape is, therefore, apparent and should have been considered by the orphans' court in determining whether the discretion vested in the executrix by the will had been abused. The grounds for refusing to carry out the power to sell were, as set forth in the answer, the discretion of the donee and the opinion of the executrix that the condition of the local real estate market was not such that the property would bring the price that should be obtained for it. The first of these reasons is sufficiently met by the fact that the discretion is a reasonable and not an arbitrary one, and that at the time this application was made, as appears by the uncontroverted averment of the petition, about three years had elapsed since the death of the testatrix without any effort having been made by the executrix to sell the property. The other reason, that the condition of the real estate market did not warrant a sale, is supported only by the opinion of the two unmarried sisters who were occupying the premises. They do not disclose what, if any, knowledge they have of the values of real estate in that community. They do not aver that they consulted any parties whose business gave them an opportunity to be informed on the subject. It is simply the opinion of an interested party in a matter about which ordinarily she would have no information. This should not have been permitted to outweigh the undisputed facts averred in the petition.

The discretion vested in the executrix was a legal one and under our authorities its exercise may be compelled. The provisions of the will imperatively require a conversion of the property, and the executrix is permitted to exercise her discretion simply as to the time and terms of the sale. The neglect or refusal of the executrix to make any effort or attempt to sell the property for three years, coupled with the fact that she has

the use of it free of rent and taxes until it is sold, places upon her the burden of showing to the court some satisfactory reason for the delay in executing the power conferred by the will, and that burden is not met by the simple declaration of the donee of the power, made in her own interest and not supported by the testimony of any disinterested party.

The decree is reversed, and unless a good and sufficient cause be shown why the real estate in question should not be sold, the court below is directed to require the executrix to sell the same in accordance with the provisions of Mrs. Severns' will. It is ordered that the cost of these proceedings in this court and the court below be paid by Florence J. Severns.