# Buchar's Estate.

*Executors and administrators—Discretion—Fraud—Will.*

Where a testator by his will gives a portion of his estate to his son "at such time and when my executors, or the survivors of them shall decide that in their judgment he is competent morally to have control of the same," the court will not interfere with the discretion placed in the executor without clear and adequate cause, but it will interfere and direct possession be given to the son where an auditor finds from competent and sufficient testimony that the son was of business capacity, competent to accumulate and take care of his property, that the executrix, his sister, was very hostile to him and that by retaining possession of the estate until her brother's death without issue, she would be entitled to half of it absolutely.

Argued May 18, 1909. Appeal, No. 119, Jan. T., 1909, by Emma J. Witman, from decree of O. C. York Co., dismissing exceptions to auditor's report in Estate of Jacob Buchar, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to report of George E. Neff, Esq., auditor. Before BITTENGER, P. J.

*Error assigned* was in dismissing exceptions to auditor's report.

*Edward Chapin* and *A. C. Wiest,* for appellant, cited: Williams's App., 73 Pa. 249.

*J. S. Black,* with him *V. K. Keesey* and *D. P. Klinedinst,* for appellee, cited: McFarland's App., 37 Pa. 300; Pulpress v. African M. E. Church, 48 Pa. 204.

Opinion by Mr. Justice Mestrezat, June 22, 1909:

The rights of these parties in the court below depended upon a question of fact which the auditor and the court found against the appellant. There was ample evidence to warrant the finding and hence we will not disturb it.

The testator bequeathed and devised one-third of the residue of his estate "unto my son, Charles E. Buchar, at such time and when my executors, or survivors of them shall decide that in their judgment he is competent morally to have control of the same." It is quite true, as argued by the appellant, that the court will not interfere with the discretion placed in the executor and trustee without clear and adequate cause. The reason of the rule is that the testator has a right to dispose of his property as he pleases, and he may subject all or any part of it to the discretion of his executor or trustee. This discretion, properly exercised, will not be interfered with by the courts. The presumptions are all in favor of the honest exercise of the discretion, and fraud or collusion will not be presumed.

There are, however, occasions when the court will interfere and protect the interests of the beneficiary. This will be done when the executor or trustee is actuated by improper or selfish motives, or his discretion is not exercised in good faith but arbitrarily and to further his own personal interests. If the trustee does not honestly exercise discretion, or his selfishness rather than the desire of the testator has become the rule of appropriation, the court will interfere: Pulpress v. African M. E. Church, 48 Pa. 204. The discretion of the trustee is but a legal one, and whenever the law determines that a proper case has arisen in which the trustee's discretion should have been exercised in a particular way, he will be constrained to act in accordance therewith: Erisman v. Directors of the Poor, 47 Pa. 509; Stewart v. Madden, 153 Pa. 445; Severns's Est., 211 Pa. 68.

Charles E. Buchar, the beneficiary, contends that the executrix was not exercising her discretion, but was abusing it on account of the ill feeling that she bore to him; that he was of good moral character; and that he had amassed and is

the owner of considerable property. The auditor, after a very careful consideration of the testimony, sustained Buchar's contention. The executrix is the sister of Charles E. Buchar and the will provides that if Charles dies without leaving issue to survive him "whatever of his share that has not been received by him shall go to said Emma Jane (the executrix) and Jacob F. (a brother), in the manner their shares go to them." It will be observed that if the interest of Charles E. Buchar in the testator's estate, which amounts to more that $11,000, is not transferred to him absolutely, but is held by the executrix in trust, and he dies without issue, his interest will go to the executrix and her brother. She therefore has a personal interest in continuing the trust and in preventing Charles from receiving the corpus of his interest in the estate. This, as suggested by appellant, would not be sufficient to deprive the executrix from exercising her discretion and in defeating the vesting of the property absolutely in Charles. If such result was produced by the exercise of a proper and honest discretion by the executrix, the court could not interfere. It appears, however, from sufficient evidence that the executrix is very hostile to her brother, and that she has on more than one occasion expressed that hostility with accompanying threats to impoverish him. Several witnesses were called who testified that they knew Charles and that he was morally competent to have control of his interest in his father's estate; that his morals were good; that while he drank some liquor it was not to excess; that he was the owner of a farm, of a home in Manchester borough, a bungalow along Conewago Creek, and owned gas, water and mining stocks worth several thousand dollars. The only evidence as to Charles' "moral incompetency" was the testimony of the executrix herself. She testified that her brother drank to excess, and that she had seen him going into a barroom under the influence of liquor. This was all the testimony that was offered to show that Charles was not morally competent to have control of his interest in his father's estate.

We think it apparent that the testator's desire was to protect Charles and his estate against the effects of excessive

drinking, and it was for that purpose that he inserted in his will the clause we have quoted subjecting the management of Charles' interest to the discretion of the executrix. It would appear, however, that notwithstanding his inclination to drink intoxicating liquor, Charles had accumulated considerable property which he still owned. His drinking habit manifestly did not interfere with his ability to accumulate property. This would seem to be an answer to the allegation that he was not "competent morally to have control" of his interest in his father's estate. It does not appear that he has not been wholly competent to protect and manage the property which he has acquired by his own exertion. From the evidence, he seems to have business capacity, and to be competent to take care of and promote his business interests. This is the standard set up in his father's will by which his competency to control the property given him is to be determined. These facts taken in connection with the further facts, found by the auditor on sufficient evidence, that the executrix and Charles are hostile to each other, and that the former will benefit by the continuation of the trust and the failure to exercise her discretion in transferring the estate absolutely to Charles, we think justified the auditor in finding that the decision of the executrix "was not an honest exercise of such discretion, but rather from caprice, ill will and in wanton disregard of the interests of the said Charles E. Buchar."

The assignments of error are overruled, and the decree of the court below is affirmed.