## Gill's Estate.

*Trusts and trustees—Discretion of trustees as to termination of trust—Contingent remainders.*

1. The Orphans' Court as a court of equity will not interfere or control the proper exercise of a discretion conferred upon testamentary trustees; the court cannot substitute its own discretion for that of the trustees.

2. Where testator gives all of his estate to his executor, a trust company, in trust to invest and pay over the income to his son and daughter "until such time as my executors in their best judgment deem it wise and prudent to deliver over the same to them or the survivor of them," with gifts over if the children die without issue, and the daughter, by the death of her brother, becomes sole beneficiary, she cannot, after her marriage and birth of children, demand a termination of the trust, in the absence of proof of fraud or misconduct by the trustee or abuse of discretion on its part.

3. If a petition is filed by the daughter for such purpose, the contingent remaindermen should be brought in.

Petition and citation to trustee to turn over trust estate. O. C. Schuylkill Co.

*R. A. Bashore* and *R. S. Bashore,* for petitioner.

*John F. Whalen* and *George Ellis,* for trustee.

WILHELM, P. J., March 22, 1926.—Richard F. Gill died July 16, 1909, and by will duly executed and probated bequeathed to his executors all his estate in trust for Thomas F. Gill and Nora C. Gill, his children, and he directed that his executors should not deliver over any of the principal held in trust by them for his children or the survivor of them, "but keep the same invested according to their best judgment for the best interests of my children or the survivor of them until such time as my executors in their best judgment deem it wise and prudent to deliver over the same to them or the survivor of them. The principal to be so invested so as to bear sufficient interest for their education and maintenance and when, in the best judgment of my executors they deem it wise and prudent, to deliver to my children or the survivor of them the principal of said trust fund and that may be in their hands of the income or interest arising therefrom."

Richard F. Gill was a resident of the Borough of Shenandoah. The Shenandoah Trust Company, the trustee, is located in Shenandoah, and the petitioner, his daughter, who is the only surviving child, is also a resident of Shenandoah.

The affairs of the Shenandoah Trust Company are under the control of a board of directors, presumably residents of the Borough of Shenandoah.

Thomas F. Gill, the son who survived his father, died in the year 1917, leaving the petitioner the sole beneficiary under the will. The petitioner married since the death of her father and is the mother of two children; she claims she is a woman of mature age and fully competent to manage her estate. The Shenandoah Trust Company has refused to turn over the trust estate to the petitioner, and she prays that the company be directed to exercise the discretion given them under the will of Richard F. Gill and turn over to her the trust estate.

The Shenandoah Trust Company filed an answer to the petition, which practically admits the averments contained in the petition as to the contents of the will creating the trust, the age, marriage and motherhood of the petitioner, but it declares that it does not deem it wise and prudent or for the best interest of the petitioner "to turn over to her said estate, other than the interest thereof, for her maintenance," and it declares that it has from time

to time paid, and is now paying, the income therefrom to the petitioner. The respondent further avers that the discretion reposed in it by the will is being exercised according to its best judgment, and it denies that its act in not turning over the estate to the petitioner is an unreasonable and arbitrary exercise of power, and it says that if the *corpus* of the estate were turned over to the petitioner, "the same would, in every likelihood, be dissipated and lost."

The answer also calls attention to the fact that in the year 1919 this petitioner presented a similar petition to the court, and that on Dec. 6, 1920, the court found that the petitioner agreed that it would be for her best interest to have the estate remain in the hands of the trustee, and dismissed the petition.

The answer also raises a legal question; that is, the rights of the contingent remaindermen under the will of Richard F. Gill, whose interest in this estate, it is asserted, attaches under the clause of the will which reads as follows:

"I direct that they then deliver all of the principal and interest of the trust fund to my children or survivor of them, in the event of both of my children dying without issue, then in such case and subject to such contingency I bequeath to my sister Mrs. Delia Brown of Philadelphia the sum of Two ($200) Hundred dollars, to my sister Mrs. Mary Cleary of Mahanoy City I bequeath three-fourths ($\frac{3}{4}$) of the remainder of my estate, and to my brother Daniel Gill of Freeland, Pa., the other one ($\frac{1}{4}$) fourth of the remainder of my estate, except as to the directions heretofore made in regards to my store and business."

As this record stands, the prayer of the petition should not be granted because the contingent remaindermen have not been made a party to the proceeding. Before an order could be made dissolving this trust, the contingent remaindermen are entitled to have their day in court, and this brings us to the consideration of the single question of the right of the court, under these facts, to substitute its discretion for that of the trustee.

The trustee here has an active duty to perform, with which this court, under ordinary circumstances, cannot interfere because it has not been shown that the trustee is acting in an arbitrary manner and not for the best interests of the *cestui que trust*. The trustee is a corporation doing a trust and banking business in the Borough of Shenandoah, where the petitioner lives. It is reputed to be successful in its business; therefore, it is obvious that its officers and board of directors, at least eleven in number, are men of good repute and successful in business, and its decision that it would not be for the best interests of the petitioner to terminate the trust is not the thought of a single individual, but is the result of the combined wisdom of a number of able and competent neighbors of the petitioner; their action is unlikely to be an arbitrary and unreasonable exercise of discretion, amounting to abuse on the part of the trustee; and no such abuse has been shown here, and the power of this court can only be called into action when it is proved that the trustee has indulged in an unreasonable exercise of the discretion vested in it: Rankin's Estate, 35 Pitts. L. J. 224.

A court of equity will not interfere with or control the proper exercise of a discretion conferred upon executors, and when an executor exercises its discretion without any proof of fraud or improper motive, the court should refuse to interfere with that discretion: Young's Estate, 4 Dist. R. 293.

A court of equity should not intervene in restraint of the action of a trustee unless there is clear proof of malversation of the trust. Where the discretion

by the terms of the will is an uncontrolled discretion, the rule is universal that the jurisdiction of the court will attach only on the exhibition of fraud: Vanderveer's Estate, 16 W. N. C. 259.

The testimony of the petitioner shows that she was born in the year 1889 and that she is about thirty-six years of age; that she is a married woman with two children, her marriage having taken place in 1920; that the trustee is now paying to her all of the income of the estate from time to time, and that she saved some money and invested it in saving fund shares. She alleges that she does not have proper information concerning the assets of the estate, and that on two occasions when she made inquiry of the president of the trust company she was met with profane language; that the real estate is not insured in a sufficient amount to protect the estate from loss and is not kept in proper repair. She believes she is competent to take charge of her estate, and produced six witnesses who also thought the petitioner was competent to properly handle her affairs.

The president of the trust company was called, and he denied that he used profane language in talking with the petitioner, and said that she had been given information as to the value of the estate and the trustee has not withheld from her any information concerning the affairs of the estate; that it is his opinion and the opinion of the board of directors of the trust company that it would not be wise and prudent to dissolve the trust.

All of the testimony concerning the mismanagement of the estate by the trustee is of little value in reaching a conclusion in this proceeding. If the trustee is derelict in its duty to the estate, that matter should be made the subject of a proper proceeding in which the court may have jurisdiction concerning matters of fact. In the matter of judgment, as we understand the law, the will places its exercise in the trustee. If the trustee does not properly exercise judgment as to the repair of the real estate and the amount of insurance that should be carried thereon, it is responsible for any loss sustained by the estate by reason of its neglect. It has not been established that the estate has sustained any loss, and the petitioner does not even have that complaint to support her here.

If the court had the power to supervise the judgment placed by the testator in his trustee, and with that end in view considered the testimony presented, the preponderance of testimony would not be in favor of the petitioner, because she admits that there are at least eleven men on the board of directors of the trust company, and she produces herself and six witnesses, who venture the opinion that the judgment of the trust company, by its officers and directors, is not sound when it refuses to place this estate in the hands of the petitioner.

Under the facts, we can find no abuse of discretion here. The testator placed his estate in the hands of trustees, gave them the power to administer it and pay the income to his children or the survivor of them, and directed them not to deliver over any of the principal held in trust until such time as the executors in their best judgment deemed it wise and prudent to deliver over the same to his children or the survivor of them. This strong language is plain in its intent that the judgment of the trustees was to prevail. The testimony offered by the petitioner does not convince us that the judgment exercised by the trustee is fraudulent, and the petition should be dismissed.

This case is readily distinguishable from Barrett's Estate, 53 Pa. Superior Ct. 103, relied upon by the petitioner. In that estate the trust fund was for a minor; the trustees were to administer the trust fund for him. To accomplish that object and effectuate that purpose they were expressly authorized

to expend said money, principal and interest, in any way and at any time for his benefit. The court said: "Obviously, then, when it is made to appear that the expenditure of some portion of the trust fund is necessary for the benefit of the *cestui que trust,* if the trustee may successfully deny any obligation to make that expenditure, some obstacle has arisen to thwart the main intent of the testator in creating the trust."

In Buchar's Estate, 225 Pa. 427, where the trustee was hostile to the *cestui que trust,* it was found that the executrix was not exercising an honest discretion, but we fail to find in this estate that the trustee is not honest in its discretion, or that it is hostile toward the *cestui que trust,* or acting in caprice, ill-will and in wanton disregard of the interests of the petitioner.

And now, March 22, 1926, the petition is dismissed.

From M. M. Burke, Shenandoah, Pa.