**NATIONAL METROPOLITAN BANK OF WASHINGTON et al. v. JOSEPH GAWLER'S SONS, Inc.**

No. 9526.

United States Court of Appeals District of Columbia.

Argued April 16, 1948.

Decided June 14, 1948.

Mr. Louis M. Denit, of Washington, D. C., with whom Messrs. Thomas S. Jackson, Coleman L. Diamond and A. Leckie Cox, all of Washington, D. C., were on the brief, for appellants.

Mr. Arthur F. Carroll, Jr., of Washington, D. C., for appellee.

Before STEPHENS, Chief Justice., and WILBUR K. MILLER and PROCTOR, Associate Justices.

PROCTOR, Associate Justice.

Frederick W. Buchholz died leaving a will whereby appellants (hereinafter called executors) were appointed executors with directions to pay decedent's just debts and the expenses of his last illness, "funeral and burial, in such amounts as they may deem proper." Upon Mr. Buchholz' passing his cousins, Louise Stoner and Gustav Blank, went to appellee's (hereinafter called Gawler's) undertaking establishment and arranged for the funeral at a cost of $3,863. Mr. Blank signed the order and added the name of Christina Buchholz, mother of decedent, as a guarantor. Mr. Doherty, one of the executors, was immediately advised that funeral arrangements had been made, but was not informed of the cost, nor consulted beforehand. The co-executor was uninformed and did not know until several days later that it had been named as executor. A bill was rendered to the executors after the funeral. They declined payment upon the ground it was unreasonable and without authority. Later they determined upon $1000 as a proper expenditure and paid that sum to Gawler's. Two suits were filed in the Municipal Court for the unpaid balance, one against the executors, the other against Doherty, executor of Christiana Buchholz (who had died) and Mr. Blank. These suits were tried together and resulted in a judgment against defendants (executors) in the first and for defendants in the second. The executors appealed to the Municipal Court of Appeals which affirmed the judgment. The court held (1) that the trial court had a general power to review the action of the executors in fixing $1000 as a proper amount for funeral expenses; (2) that the funeral provided was reasonable and appropriate to the station in life of decedent and the value of his estate, and (3) that the Code does not limit funeral expenses to $600 but only fixes that amount as a priority, leaving any balance as a general claim. We cannot agree with these conclusions.

1. The executors here were expressly empowered by decedent's will to pay funeral expenses in such amount as they deemed proper. After consideration of the information then at hand, they decided upon $1000 and paid that sum, which was accepted on account of the funeral bill. Although not controlled by the limitation of the statute in view of the discretionary authority granted them, they were bound to act in good faith and expend only such amount as in their judgment and discretion they deemed proper. The testator left the matter to their discretion. Therefore, their action must stand unless arbitrary or abusive. Only in such circumstances has a court power to interfere. Ballantine v. Ballantine, C.C., 152 F. 775, 784; In re DeBancourt's Estate, 279 Mich. 518, 272 N.W. 891, 110 A.L.R. 1346; In re Buchar's Estate, 225 Pa. 427, 74 A. 237, 25 L.R.A.,N.S., 421; 21 Am.Jur. 491; 4 Page on Wills 521. Nor was the burden upon the executors to establish good faith and sound discretionary action. He who attacks must prove the charge. In re De-

573

Bancourt's Estate, supra, and authorities cited. Here the complaint did not allege arbitrary or abusive action, nor was there any substantial evidence of that nature. Although there were no findings of the trial court, we gather from the record that the judgment was based upon an assumed right of the court, without allegation or proof of arbitrary action, to review the decision of the executors and substitute its judgment for theirs. The appellate court says [52 A.2d 283] "we think the decision of executors to pay or disallow funeral expenses is always subject to final review and determination by the courts as to whether the action of the executors was reasonable or otherwise." This states the rule too broadly. Followed to its logical conclusion discretionary power granted a fiduciary would mean nothing, for however faithfully exercised a court could review the action taken and substitute its judgment for that of the fiduciary in whom alone the trust was reposed. Nichols, Assignee, v. Eaton et al., 91 U.S. 716, 724, 23 L.Ed. 254; Shelton v. King, 229 U. S. 90, 94, 33 S.Ct. 686, 57 L.Ed. 1086. Such a rule would devitalize any grant of discretionary authority. In Colton v. Colton, 127 U.S. 300, 320, 8 S.Ct. 1164, 1174, 32 L.Ed. 138, involving discretionary power of testamentary trustees, is this statement of the law: "It is quite true that where the manner of executing a trust is left to the discretion of trustees, and they are willing to act, and there is no mala fides, the court will not ordinarily control their discretion as to the way in which they exercise the power * * *. But the court will interfere wherever the exercise of the discretion by the trustees is infected with fraud or misbehavior, or they decline to undertake the duty of exercising the discretion, or generally where the discretion is mischievously and erroneously exercised * * *. Lewin on Trusts, c. 20, § 2, pp. 402, 403, 4th Eng. ed."

■ 2. Title 18, Section 520, D.C.Code 1940 provides in part that "In paying the debts of a decedent, after the payment of funeral expenses according to the condition and circumstances of the deceased, not exceeding six hundred dollars, an executor or administrator shall observe the following rules." Title 20, Sections 604, 605 of the Code, in prescribing the form of an executor's account, provide that on one side he shall set forth the assets received and "On the other side shall be stated the disbursements by him made, namely: First, Funeral expenses, to be allowed at the discretion of the court, according to the condition and circumstances of the deceased, not exceeding three hundred dollars: Provided, That for special cause shown the court may make such additional allowance not exceeding three hundred dollars as such special circumstances may warrant." In our opinion these provisions do limit the amount allowable for funeral expenses in the absence of authority by a testator to the contrary. Even then the statute should control where the estate is insolvent.

■ The common law imposed a duty upon an executor or administrator to bury the decedent in a manner suitable to his estate, allowing the expense before all other debts and charges, but holding the fiduciary liable for any extravagance. Cooley's Blackstone, 4th Edition, Volume 1, Ch. 32, Sec. 508; 3 Coke's Institutes 202; Gayle's Admr. v. Johnston, 72 Ala. 254, 47 Am.Rep. 405; Patterson v. Patterson, 59 N.Y. 574, 17 Am.Rep. 384. Presumably, any sum above a reasonable amount was not allowable at all.

■ Funeral expenses are not strictly a debt of the decedent unless expressly made so by him. However, the common law, and usually the statutes, do make them a first charge against a decedent's estate. Hence, to treat the whole or any part as a general debt would disregard the peculiar and preferred nature of the claim. There appear to be only two local decisions reported, before the present case, which bear directly upon this question. In Re Butler's Estate, 1879, 3 MacArthur 535, 10 D.C. 535, the Supreme Court of the District, sitting in banc, affirmed an order in probate reducing funeral expenses from $417 to $300, the limit fixed by the Maryland Act of 1798, Ch. 101, Subc. 10, Sec. 2 then in force in the District of Columbia. The court held that "the language of the act was plain and decisive" that funeral charges should not exceed $300. The Municipal Court of Appeals attempts to dis-

574

tinguish this case upon the ground that the personal estate was insufficient to pay the debts in full. However, that fact was immaterial, as under the law decedent's real estate became subject to payment of debts due to the deficiency in personal estate. The recent decision of Justice Letts of the District Court in In re Tunison's Estate, 1948, 75 F.Supp. 573, holds that Title 20, Sec. 605 of the Code places a limitation of $600 for funeral expenses. The opinion also states that the court has interpreted that limitation to apply to a funeral within the District, and where the body is transported from the District for burial elsewhere the court has permitted a further charge not exceeding $600. We refrain from any comment on this part of the opinion. However, we do gather from these cases, covering a span of almost seventy years, that the statute has generally been held to place an absolute limitation upon funeral expenses. The statement of Mr. Mersch (former Register of Wills and long in that office) in his book on Probate Court Practice, page 301, that there is an "absolute maximum limitation of $600.00 on funeral expenses" lends support to our assumption. We do not agree that Sinnott v. Kenaday, 14 App. D.C. 1, supports the ruling of the Municipal Court of Appeals. That case, rightly or wrongly, goes no further than to hold that certain expenditures by an executor for a cemetery lot and monument were not funeral expenses within the meaning of the statute.

Our local statute is practically identical with that of Maryland (Art. 93, Sec. 5, Code of Maryland (Flack, 1939)). Both have their origin in the Maryland Act of 1785, Ch. 72, Sec. 4. The courts of that State in construing their statute hold that it prescribes a maximum beyond which the court may not go. McComas v. Wiley, 135 Md. 584, 588, 109 A. 312; Watson v. Cook, 170 Md. 377, 379, 184 A. 908.

The executors attack the jurisdiction of the trial court to review their action under any circumstances. They argue that this power rests solely in the Probate Court. We disagree with this contention. Doubtless there are situations where the Probate Court should act upon such matters. However, it seems clear that cases may arise in either the Municipal or District Courts wherein discretionary acts of an executor can properly be drawn in question. In the present case the Municipal Court had exclusive jurisdiction of the suit. There is no way in which the Probate Court, with its very limited jurisdiction, could have entertained the litigation. Hence, if there had been a charge of arbitrary or abusive action clearly proven, a proper basis would have been established for the court to review and correct the same. Our criticism is that there was neither charge nor proof, to justify a review by the court of the discretionary action of the executors.

Reversed.