**In re SCOTT'S ESTATE.**

No. 73361.

United States District Court
District of Columbia.

March 7, 1951.

Harry J. Harth, Washington, D. C., for petitioner.

William Clark Taylor, Washington, D. C., for executrix.

TAMM; District Judge.

This estate is presently before the Motions Court as a result of exceptions to the account filed by the executrix. The Court deals with the exceptions in the order in which they are raised by the challenger.

■ The first exception is addressed to the entire account on the ground that the account has not been "subscribed nor sworn to" by the executrix herein. Examination of the account discloses that this is a fact. It is, however, the practice in this jurisdiction to file tentative accounts which are reviewed by the Register of Wills and returned with suggestions for changes to the person filing, and after which the revised account is sworn to and subscribed. This practice is sufficiently general as to be described as a "practice in this jurisdiction". There appearing, however, to be no statutory or other authority for this procedure other than general practice, and it appearing that no hardship is imposed if the person is required to subscribe to and to sign the drafts of the account, the Court directs that the executrix sign and subscribe to the challenged account upon the filing of this memorandum opinion.

■ The petitioner's next exception is addressed to the attorneys' fees claimed in the account, it being charged that these fees are excessive and unreasonable. Claim is made in the account for two attorneys' fees, one in behalf of William Clark Taylor and Thomas H. Patterson for an allowance of $2,100, and the second a claim of $500 for an attorney's fee for William Clark Taylor as attorney to the executrix. In support of their claim for a fee of $2,100, Messrs. Patterson and Taylor have displayed to the Court an agreement signed on May 11, 1950

wherein Edith E. Loehl, executrix of this estate, agreed to pay Messrs. Taylor and Patterson a fee of $2,100 in the event this will was sustained. Edith E. Loehl signed this agreement in a dual capacity, that is, both personally and as executrix of the estate of Mamie Scott, deceased. Collaterally, the Court observes that these attorneys rendered professional services in this estate in defending the will against two separate caveats. Details concerning the nature and extent of the services rendered by them are set forth in the probate file.

The petitioner, in addition to challenging the amount of the fee, also contests the correctness of charging the entire fee to the estate and claims that the fee, or a proper portion thereof, should be paid by Edith E. Loehl in her personal capacity. Since Edith E. Loehl executed the agreement with Messrs. Taylor and Patterson in her personal capacity as well as in the capacity of executrix, the Court concludes that the entire amount of this fee should not be borne by the estate. The Court believes that the apportionment of two-thirds of the $2,100 fee to the estate is an entirely equitable one; and, accordingly, will allow Messrs. Taylor and Patterson a fee of $1,400 to be charged against the estate. The Court, upon the basis of a statement of services rendered by William Clark Taylor as attorney to the executrix, will allow him a fee of $400 to be charged against the estate.

The petitioner has withdrawn exceptions to certain payments of debts of the testatrix and "reimbursements" to the executrix in connection therewith.

■ The petitioner next takes exception to an item of $800 which the executrix proposes be allowed her as partial payment for a crypt in a mausoleum at Fort Lincoln Cemetary. The executrix claims that she caused the testatrix to be interred in this crypt with the consent of the other children of the testatrix and "in the absence of any protest on the part of the surviving husband prior to the interment". Executrix states that the cost of the crypt was $1,500 and that she believes she should receive an allowance of $800 for this crypt.

The general subject of proper allowance for funeral expenses is discussed in the case of National Metropolitan Bank v. Joseph Gawler's Sons, 83 U.S.App.D.C. 307, particularly at page 310, 168 F.2d 571. In the case of In re Tunison's Estate, D.C., 75 F.Supp. 573, Judge Letts allowed more than the statutory limit of $600 for funeral expenses in a case in which the funeral was in the District of Columbia and the body of the deceased was transported elsewhere for burial. In the case of the Estate of Julian Green, Deceased, Administration No. 73,-413, an allowance for a tombstone costing $183.60 was allowed over objections by the heirs. Of course, the case of Sinnott v. Kenaday, 14 App.D.C. 1, discusses the propriety of a fitting burial in accord with the deceased's station in life.

Since the executrix will, under the terms of the will, take two-thirds of the residuary estate, which entire estate totals some $30,-000 the Court believes the allocation of slightly more than one-half of the cost of this crypt to the estate is a reasonable allowance, and the Court will approve this item of the account.

■ The final exception to the executrix' account relates to the noninclusion therein of $10,049.61 deposited in the Washington Permanent Building Association of this city "in the name of testatrix as trustee for Allwood Scott, Jr." The following chronology appears established by the pleadings and depositions filed in this case:

In 1928, the testatrix deposited a sum of money in the Washington Permanent Building Association in the name of the testatrix as trustee for Allwood Scott. This was the son of the testatrix. On March 13, 1940, the testatrix changed the records of this account to indicate that the funds were in the name of the testatrix as trustee for Allwood Scott, Jr., who is the son of Allwood Scott, the son of the testatrix. The amount of the account at the time of the testatrix' death was approximately $10,000. As indicated, the petitioner alleges that the account in the Washington Permanent Building Association should have been included in the executrix' account upon petitioner's contention that the

testatrix "owned and controlled this account until her death". The executrix takes the view that this account is beneficially owned by the infant, Allwood Scott, Jr. and is not a part of the probative estate of the testatrix.

There are few facts in the record which evidence the intention of the testatrix in the establishment of the account in her name as trustee. The deposition of the daughter of the testatrix, Edith E. Loehl, who, incidentally, is the executrix whose account is challenged, points out that Allwood Scott, Jr. was a polio victim; that he was very close to the testatrix; and that it was necessary to place Allwood Scott, Jr. in a private school. The testatrix, according to the deposition, told her daughter, Mrs. Loehl, of the disposition of the money placed in the account at the Washington Permanent Building Association.

Whether the establishment of this account in the Washington Permanent Building Association established a trust fund with the infant Allwood Scott, Jr. as the cestui que trust appears to be one of original impression in this jurisdiction. A variety of holdings upon similar or parallel questions is discussed in 168 A.L.R. 1273 et ff. and also in 1 Bogert on Trusts and Trustees at 306 et ff. Bogert's discussion at p. 330 dealing with "Intent Implied from Circumstances of the Depositor", with particular reference to "His Relationship to the Beneficiary", is cited as often being considered as having some evidentiary value in favor of the trust intent. Upon this point and considering the relationship between the testatrix and Allwood Scott, Jr., the Court, upon the limited information before it, holds that it was the intention of the testatrix to establish a trust fund with the infant, Allwood Scott, Jr., as cestui que trust; that this intention was actualized by the deposit of the fund with the Washington Permanent Building Association in the name of the testatrix as trustee for the infant; and that this intention was sufficiently manifested to fit the requirements of the law in this regard.

 Also, counsel for the petitioner in urging the support of the exceptions to the account relies upon the provisions of § 12–303, D.C.Code 1940 [1] as defeating the establishment of the trust in this Court. The Court does not believe that the cited Section precludes the Court's present ruling.

1. "§ 12–303 [11:3]. Declarations, grants, and assignments of trust—Implied trusts.
   "All declarations or creations of trust or confidence of any lands, tenements, or hereditaments shall be manifested and proved by some writing signed by the party who is by law enabled to declare such trust or by his last will in writing, or else they shall be utterly void and of none effect.
   "All grants and assignments of any trust or confidence shall likewise be in writing, signed by the party granting or assigning the same or by such last will or devise, or else shall likewise be utterly void and of none effect.
   "Where any conveyance shall be made of any lands or tenements by which a trust or confidence shall or may arise or result by the implication or construction of law, or be transferred or extinguished by an act or operation of law, then and in every such case such trust or confidence shall be of the like force and effect as the same would have been if this statute had not been made."