## Mills Estate (No. 2)

*Ethan Allen Doty,* for accountant, Florence M. Willouer, life tenant, and Robert Willouer, residuary beneficiary.

*Benjamin Cherry,* for Department of Public Assistance.

BOLGER, J., February 8, 1952. — Testatrix died March 19, 1949, unmarried, not survived by a husband or any issue. . . .

An appeal was taken from the probate of the will, which appeal was dismissed by this court and an appeal subsequently taken to the Supreme Court was quashed. it is also noted that exceptions to the first account of the executor have been withdrawn.

By the terms of her will, decedent gave $1,200 to the Mayfair United Presbyterian Church for the purchase of chimes to be known as Jacob D. Mills, Birdie S. Mills and their daughter, Laura V. Mills, Memorial Chimes. She gave the residue to Robert Willouer and Hugh F. Gerhard in trust to pay the income to her sister, Florence M. Willouer, and so much of the principal as the trustees in their sole discretion may consider necessary for maintenance and support of her sister, and at her death the remainder, if any, to her nephew, Robert Willouer, or his heirs.

It is noted that decedent died within 30 days of the date she executed her will. However, by writing annexed both the life tenant and the remainderman, in accordance with section 7(1) of the Wills Act of 1947, have directed that the gift of $1,200 to the Mayfair United Presbyterian Church shall be valid and paid.

At the audit, claim was presented by the Department of Public Assistance of the Commonwealth of Pennsylvania in the sum of $408 for assistance granted the life tenant for the period from March 19, 1949, to

September 3, 1949. There was also submitted a stipulation of counsel by which it is agreed that the assistance rendered during that period amounts to $408. The Commonwealth seeks reimbursement to that extent out of income and principal although the will contains a spendthrift clause. The claim of the Commonwealth is based upon the Support Law of June 24, 1937, as amended by the Act of June 9, 1939, P. L. 310. Section 4(a) of the act provides that the public charge shall reimburse a public agency out of property owned or acquired during the time the assistance was given. Upon the death of testatrix, life tenant became entitled to receive net income and the trustees were vested with the discretion to use so much of principal as might be required to provide for the comfort, care and support of the life tenant. Therefore, the public charge had the right to ownership to the extent that there were funds in the estate to carry out the manifest intention of testatrix. There were no disbursements made during the period involved in the Commonwealth's claim and, therefore, the Department of Public Assistance fulfilled the very purposes set forth in the will.

The discretion granted to the trustees was a legal discretion and there was a duty on the trustees to determine the proper amount required for the comfortable care of the life tenant and to make disbursements accordingly. The Commonwealth has stepped into the breach which was caused by the litigation in which this estate has been involved and, therefore, the Commonwealth is entitled to be reimbursed: Walter's Case, 278 Pa. 421; Erisman v. Lancaster County Poor Directors 47 Pa. 509. The claim of the Commonwealth is, therefore, allowed and directed to be paid.