CLARKE, REGISTER OF WILLS FOR MONTGOMERY COUNTY, *v.* WELDEN, EXECUTRIX AND INDIVIDUALLY

[No. 80, October Term, 1953.]

*Decided February 10, 1954.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS and HENDERSON, JJ.

*Francis D. Murnaghan, Jr., Assistant Attorney General,* with whom was *Edward D. E. Rollins, Attorney General,* on the brief, for the appellant.

*Albert E. Brault* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The question presented in this appeal is whether, in computing the Maryland inheritance tax chargeable to the sole beneficiary of a Maryland decedent, the entire Federal estate tax is deductible, including that portion attributable to real estate of the decedent located in the District of Columbia. The case arises from an ac-

tion by the Register of Wills for Montgomery County against the executrix and sole beneficiary under the will of Wallace E. Gregg, to which a general issue plea was filed. There were cross-motions for summary judgment, the court granting the appellee's motion.

The decedent died in January, 1947. The will made no provision regarding the payment of Federal estate tax. In addition to substantial Maryland assets, the decedent left real estate in the District of Columbia. In computing the inheritance tax due to the District of Columbia, the appellee was allowed a deduction representing a portion of the Federal estate tax, calculated by dividing the net value of the real estate there located by the net value of all property subject to Federal estate tax. In computing the Maryland inheritance tax she claimed as a deduction the entire revised Federal estate tax on all the decedent's property, including the District of Columbia real estate, and paid the tax so computed. The appellant claims additional inheritance taxes computed on that portion of the Federal estate tax, claimed as a deduction here, equal to the deduction claimed in the District of Columbia, or, to express the claim in another way, on the amount of Maryland assets used to pay the portion of the Federal estate tax attributable to the foreign real estate.

The appellant does not deny that the Federal estate tax is a deductible item in determining the amount of the distributive share subject to Maryland inheritance tax, or that it has been the administrative practice to allow it. It was recognized as a fully deductible item in 24 Opinions of the Attorney General 892, but it does not appear in that opinion whether any foreign assets were involved. It was reasoned that since the Federal tax is upon the right to transmit property whereas the Maryland tax is upon the right to receive it, the amount distributed must necessarily be reduced by the Federal tax chargeable against the entire net estate. Cf. *Bouse v. Hutzler,* 180 Md. 682, 685. The domiciliary executor is chargeable with the payment of the Federal

tax upon the assets wherever located. Section 826(b) of the Internal Revenue Code provides that "so far as is practicable and unless otherwise directed by the will of the decedent the tax shall be paid out of the estate before its distribution." In the absence of direction in the will, the tax is payable out of the personal residuary estate as a debt of the estate or an expense of administration. *Y.M.C.A. v. Davis,* 264 U. S. 47; *Hepburn v. Winthrop,* 83 F. 2d 566. The Maryland tax is imposed upon the "clear value of any and all property, having a taxable situs in this State, passing at the death of any resident or non-resident decedent * * *." Section 149, Article 81, Code of 1951. In *Bouse v. Hutzler, supra,* it was said that "clear value" means net value after the payment of all debts and expenses of administration.

The appellant insists, however, that the full deduction should not be allowed where a portion of the deduction is claimed and allowed in another state where taxable assets are located. He argues that the allowance of the full amount under such circumstances would permit a double deduction. The argument would have more force if we were dealing with a uniform and mutually exclusive system, which we are not. Doubtless Maryland could, if it chose, disallow the deduction altogether, or allow it only in part, since the question is one of policy and not jurisdiction to tax. Cf. *Stebbins v. Riley,* 268 U. S. 137. Likewise, the District of Columbia could have disallowed the proportionate deduction, but instead it chose to allow it by regulation not open to challenge here. See Section 6(g) Regulations Pertaining to the Inheritance and Estate Tax Law for the District of Columbia. There is no language in the Maryland statute to support an apportionment in any case, nor can it fairly be argued that the amount of the deduction here should be made to depend upon the policy of another taxing jurisdiction, which might, perhaps, not levy a tax at all. Any economic benefit from the District of Columbia allowance is a matter of grace in the amount due there, stemming from that law and not from ours.

The appellant cites no·case in support of his position. In fact, all the cases directly in point are to the contrary. The matter was fully considered in *Old Colony Trust Co. v. Treas. & Rec. Gen.* (Burrell), 238 Mass. 544, 131 N. E. 321; *The People v. McCormick*, 327 Ill. 547, 158 N. E. 861, 867; and *In re Russell*, 104 N. J. Eq. 578, 146 A. 361 (aff. on other grounds, *City Farmers Bank Trust Co. v. McCutcheon*, 8 N. J. Misc. 547, 151 A. 78, aff. 108 N. J. L. 185, 154 A. 626.) See also *In re Miller's Estate*, 195 Pac. 413 (Cal.). He argues that because in some states a proportionate deduction has been allowed in the case of a non-resident decedent, as in the instant case in the District of Columbia, and in *Beidler v. South Carolina Tax Com.*, 162 S. C. 447, 160 S. E. 264, logical consistency requires that the deduction be prorated in the domiciliary jurisdiction as well. But it does not appear that consistency has been treated as a controlling factor where the point has been raised, if, indeed, it can ever be deemed controlling in tax litigation. Thus, in Illinois, where the court held in *The People v. McCormick, supra,* that the deduction was fully allowable in the case of a resident decedent, the court later held that a proportionate deduction was allowable in the case of a non-resident decedent, distinguishing without overruling the prior decision. *The People v. Luehrs*, 408 Ill. 383, 97 N. E. 2d 307; Cf. *The People v. Beckers*, 413 Ill. 102, 108 N. E. 2d 5.

The appellant argues that the result reached in some of the cases last cited has been reached in Maryland by administrative practice. He points to three opinions of the Attorney General holding that a proportionate deduction is allowable in the case of a non-resident decedent leaving real estate in Maryland. 28 Opinions of the Attorney General 269, 29 Opinions of the Attorney General 241, and 30 Opinions of the Attorney General 154. The first of these opinions, and the only one where there was a real consideration of the question, seems to have relied entirely on a statement in the earlier

opinion, 24 Opinions of the Attorney General 892, *supra,* that the whole tax was deductible in the case of a resident decedent. Apparently it was based on a misconception of the earlier opinion. Certainly it was not based on anything in the statute or on any cited authority. But if we assume, without deciding, that those rulings were correct, it does not follow, as we have indicated, that they would be controlling in the converse case. If the matter calls for correction, as affording escape from a *desideratum* of universal coverage, the remedy should lie with the legislature and not with the courts.

The appellee suggests that such a remedy has been supplied by Chapter 156, Acts of 1947 (Section 161 (3) (c), Article 81, Code of 1951), although this Act did not take effect until June 1, 1947, shortly after the death of the decedent in the instant case, and was in terms applicable only to the estates of persons dying after that date. This statute calls for contributions from various beneficiaries under various circumstances, so that the burden of the estate tax shall be cast proportionately and equitably upon all the beneficiaries, unless the will provides otherwise. The appellant argues that this statute has no reference at all to the situation presented in the instant case, involving apportionment not between beneficiaries but between different taxing jurisdictions. We express no opinion on the point.

It is sufficient to say that we find nothing in the statutes in effect at the death of this decedent that would justify an apportionment.

*Judgment affirmed, with costs.*