**SIMONTON et al. v. JAMES.**
No. 14666.

United States Court of Appeals,
Fifth Circuit.
April 15, 1954.

Zach H. Douglas, Al L. Schneider, Schneider & Walker, Jacksonville, Fla., for appellants.

Thomas A. Larkin, Edward S. Parrish, Jr., Ralph E. Sistrunk, Jacksonville, Fla., for appellee.

Before STRUM and RIVES, Circuit Judges, and DAWKINS, District Judge.

STRUM, Circuit Judge.

Plaintiff below, Ora Belle James, recovered judgment upon a jury verdict for personal injuries suffered when the automobile in which she was riding collided with defendants' car, from which judgment defendants appeal.

Beach Boulevard is a four-lane highway extending east and west, between Jacksonville and Jacksonville Beach, Florida. At the point here involved, it has two paved lanes in each direction, each 24 feet wide, separated by a grass parkway or safety zone 25 feet wide. It is a "through" highway, vehicles on which have the right-of-way over cross streets, except where controlled by traffic lights.

At the time of this collision, Eve Drive was a narrow street, which approaches Beach Boulevard from the south, and crosses it at right angles, becoming Barkley Road on the north side of the boulevard. The ends of the grass parkway in this intersection are about 40 feet apart. There is no traffic light, the view of motorists is unobstructed in all directions, visibility was good, and although it is outside the city limits it is in a rather populous community.

At about 5:00 p. m., on Sunday afternoon, July 6, 1952, a Fourth of July week end, when traffic on Beach Boulevard was very heavy, defendant Ralph P. Simonton, driving his wife's car, approached Beach Boulevard from the south on Eve Drive. He reached the extreme southerly side of the paving on Beach Boulevard, where he testified he stopped for several minutes waiting for east bound traffic to clear sufficiently to permit him to safely cross the east bound lanes. He then proceeded on Eve Drive across the width of the center grass plot or safety zone. He testified that just before reaching the extreme southerly edge of the paved west bound lanes on the boulevard, he again stopped and waited to allow west bound traffic to pass, but there is a sharp conflict in the evidence as to what kind of a stop he made. One witness testified that he stopped only momentarily, another witness testified he stopped there 3 to 5 minutes, while another witness testified that he came to a "rolling" stop, then started across the west bound lanes, and that the car in which plaintiff was riding skidded from 60 to 70 feet from the inside west bound lane on the boulevard and into the rear of defendants' car, which was almost, but not quite, clear of the north lane of the boulevard on the west bound side.

Prior to reaching this intersection, the car in which plaintiff was riding, had been traveling in the north or extreme right of the west bound lanes. A short distance from the intersection, that car overtook three other cars traveling west toward Jacksonville in the same lane. In order to pass them, plaintiff's driver temporarily swung into the inside or left west bound lane, and upon passing them was curving back into the north lane again, traveling at 40 to 50 miles per hour according to a disinterested witness. Defendants' car, crossing the boulevard from south to north, had not quite cleared the north lane. Seeing the rear end of defendants' car in his path, plaintiff's driver applied his brakes and attempted to swerve back into the inside lane, which was clear, but was unable to do so and struck defendants' car on its right rear fender, the impact injuring plaintiff, for which injuries she recovered judgment.

When the case was called for trial, with all parties, jurors, witnesses, and counsel present and ready to proceed, it was discovered that plaintiff's attorney had inadvertently named the plaintiff's deceased husband, B. T. James, as plaintiff, instead of Ora Belle James who was injured. Over defend-

ants' objection, plaintiff was permitted to amend by naming Ora Belle James as plaintiff in lieu of her husband, and the trial proceeded. The complaint, throughout, referred to "her" attorney, "her" injuries, and that "she" was riding in the car, etc. Fed.Rules Civ.Proc. rule 15(a), 28 U.S.C.A., provides that "leave (to amend) shall be freely given when justice so requires." Instances might occur in which an amendment of this nature would be harmful, but we find no prejudice here. All parties understood that it was Ora Belle James who was injured, and the feminine pronoun was used throughout the complaint. It is not as if a complete stranger was brought in and substituted as plaintiff, and different facts introduced, so as to make a completely different action. Defendants were not really surprised. Nor were they prejudiced. No request for continuance was made. The factual situation was exactly the same. We see no reversible error in permitting the amendment in these circumstances, so that the trial could proceed without delay.

◼ Defendants urge on appeal that defendant's husband having stopped at the south edge of the west bound lane, and having yielded the right-of-way to vehicles "approaching so closely * * * as to constitute an immediate hazard", he had the right to proceed, and that plaintiff's driver, being still a safe distance from the intersection, should have yielded to defendants' car, so that the negligence of plaintiff's driver was the sole proximate cause of the collision. See sec. 317.42, Fla.Stat.1951, F.S.A. But the testimony on this point is strikingly in conflict, presenting a jury question, and the jury resolved the conflicts against the defendants.[1] We think the evidence sufficient to sustain the verdict.

◼ Defendants also urged that the trial judge confused and intimidated the defendant Meeta F. Simonton by questioning her as to whether her husband was driving her car with her knowledge and consent, which fact she first denied under examination by her counsel, but later admitted under questioning by the trial judge. We see nothing in the judge's questioning which was reasonably likely to confuse or intimidate. He was simply attempting to ascertain a fact vital to the liability of Meeta F. Simonton under Florida law, namely, whether or not her husband was using her car with her knowledge and consent. If so, she was liable for his negligence, if not, she was not liable. The witness was evasive on the point, and it would be necessary for the trial judge to know these facts before passing upon a motion for directed verdict.

In charging the jury, the trial judge, at the request of plaintiff, covered the first part of sec. 317.42(1), Fla.Stat. 1951, F.S.A., to the effect that the driver of a vehicle shall stop at the entrance of a through highway, and shall yield the right-of-way to other vehicles in the intersection or approaching so closely on said through highway as to constitute an immediate hazard. There being no request to charge the latter part of said section, the trial judge omitted it. This part of the section provides in effect that such a driver, having yielded the right-of-way, may proceed, and the driver of all other vehicles approaching the intersection of the through highway shall yield the right-of-way. The only charge requested by defendants was given.

---

1. The driver of one of the three cars passed by plaintiff's car immediately before the collision testified: "At the same time (that plaintiff's car passed him), out of the corner of my eye, I saw a light blue Dodge (defendant's car) turn on to the cross-over there from the east bound lane into the west bound lane, and he stopped momentarily. * * * And this other man (defendant Ralph P. Simonton) stopped and just started right up again and the Pontiac (plaintiff's car) couldn't have missed him. * * * He (defendant's husband) almost came to a complete stop; if he didn't, it was rather—I don't know whether he did or not, but it seemed like he did."

Appellants contend that it was harmful error to omit the latter part of the section, which is favorable to the defendants' case, while charging the first part of the section which tends to support plaintiff's case. But plaintiff requested early in the trial that the first part of the section be covered in the charge, and furnished a copy of the request to the defendants. If the defendants desired the latter part covered also, they should have so requested before the jury retired. Feltman v. Norris, 84 U. S.App.D.C. 295, 172 F.2d 289. There was no objection to the charge from either plaintiff or defendants. Civil Rule 51 provides that "* * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires * * * stating distinctly the matter to which he objects and the grounds of his objection." * * *

Even if the failure to charge the latter part of the section was error, which we do not hold that it is, such error in the circumstances would not be so fundamental as to require us to notice it notwithstanding the disregard of Rule 51.

Affirmed.