**The NATIONAL BANK OF WASHING-TON, Executor of the Estate of Arthur J. May, Deceased, Petitioner,**

v.

**DISTRICT OF COLUMBIA, Respondent.**

**No. 11562.**

United States Court of Appeals District of Columbia Circuit.

Decided Aug. 19, 1955.

Mr. Louis M. Denit, Washington, D. C., for petitioner. Mr. Martin R. Fain, Washington, D. C., also entered an appearance for petitioner.

Mr. George C. Updegraff, Asst. Corp. Counsel for District of Columbia, for respondent. Messrs. Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, also entered appearances for respondent.

Before STEPHENS, Chief Judge, and WILBUR K. MILLER and FAHY, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

The petitioner, National Bank of Washington, executor of the will of Arthur J. May, filed an inheritance tax return with respect to his estate, as required by § 47–1604, D.C.Code (1951). It showed $122.70 as the market value per share of 247 shares of common stock which the decedent had bequeathed to his wife, Mary D. May. The District Assessor valued the shares at $350. each and imposed a tax on that basis. Having paid under protest, the executor petitioned the District of Columbia Tax Court to redetermine and reduce the inheritance tax with respect to the shares. The Tax Court affirmed the Assessor's action.

When the executor petitioned us to review the Tax Court's decision, the District of Columbia moved to dismiss on the theory that the executor lacked standing because it was not a "person aggrieved" by the assessment under § 47–2403, D.C.Code (1951); that Mrs. May should have been the petitioner. Although the District had not raised the point in the Tax Court, we consid-

ered it because of its jurisdictional character, granted the motion, and dismissed the petition for review. National Bank of Washington v. District of Columbia, 96 U.S.App.D.C. ——, 226 F.2d 759.

The matter is again before us on a motion by the executor that we vacate our order of dismissal and permit Mrs. May to be substituted for it as the petitioner for review. This relief is sought because, when we dismissed the executor's petition, it was too late for Mrs. May to file in the Tax Court her own petition for review. Limitation had long since run against her. § 47–2403, D.C. Code (1951).

Through mistake of law, the petition was filed by the executor, which was not the party aggrieved, and of course the District was entitled to dismissal unless the real party in interest were substituted as petitioner. When the case was here before, there was no offer to substitute Mrs. May for the executor as petitioner, so dismissal was ordered. But now that substitution of the real party in interest is sought, the question is whether the District of Columbia should be allowed to profit through the executor's mistake of law.

It has been clear from the beginning that the executor acted for Mrs. May's use and benefit, as it was in effect so pleaded in the petition addressed to the Tax Court. Thus the executor was only a nominal party and Mrs. May was the real party in interest. To permit substitution would not change the issue, which would still be whether the tax collected was lawfully exacted. To deny substitution would be to deprive Mrs. May of a review on the merits in this court merely because the executor attempted to act for her when, as we afterward held, she should have acted for herself. We cannot say the executor improvidently or illogically supposed that the representative charged with the duty of filing the return and collecting the tax from the beneficiary [1] should also petition for review. We think fairness requires this procedural question to be resolved in Mrs. May's favor. Otherwise the result would be most inequitable. The District of Columbia may prevail on the merits. It should be content with that possibility.

It is true that Rule 25 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and our own General Rule 28, which deal with substitution of parties, do not expressly provide for substitution in a case like this. But the power of equity to grant relief against injustice caused by the rigidity of procedure is broad enough to afford relief in this case. We shall therefore order that Mrs. May be substituted for the executor as the petitioner for review, the substitution to relate back to the original date of filing. Among the many authorities which support our decision we cite as typical McDonald v. State of Nebraska, 8 Cir., 1900, 101 F. 171, and American Fidelity & Casualty Co. v. All American Bus Lines, 10 Cir., 1951, 190 F.2d 234. The case will be placed on the calendar for hearing on the merits as soon as the business of the court will permit.

Ordered accordingly.

Chief Judge STEPHENS took part in the consideration of this case and was of the view that the motion for substitution should be denied. He died before the foregoing opinion was written. Had he lived, he probably would have prepared a dissenting opinion.

1. § 47–1605, D.C.Code (1951).