AARHUS OLIEFABRIK, A/S, Plaintiff,

v.

A. O. SMITH CORPORATION, Defendant.

No. 56-C-173.

United States District Court
E. D. Wisconsin.

May 2, 1958.

Albert B. Houghton and Albert F. Houghton, Milwaukee, Wis., T. L. Tolan, Jr., Milwaukee, Wis., of counsel, for plaintiff.

James N. Johnson, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

The case is before the court on plaintiff's motion, under Rule 15(a) and (c) and Rule 21, Fed.Rules Civ.Proc. 28 U.S. C.A., to amend its complaint to add Haldor Topsøe as an alternative party plaintiff.

The action was originally begun by Aarhus Oliefabrik, A/S (hereinafter called Aarhus), a Danish corporation, against A. O. Smith Corporation (hereinafter called Smith) to recover damages for an alleged breach of warranty in connection with the sale of certain machinery by Smith to Aarhus. The defense of lack of privity was raised. Defendant contends that the sale was made not to Aarhus but to Haldor Topsøe (hereinafter called Topsøe) a Danish citizen, who then resold the machinery to Aarhus. Aarhus now attempts, by amending its complaint, to add Topsøe as an alternative plaintiff on the theory that if it is found that Topsøe was Aarhus' agent, then there was privity between Aarhus and Smith, and if it is found that Topsøe was an independent contractor, then there is privity between Topsøe and Smith. The proposed amended complaint states that, as a result of the unfitness of the machinery, Aarhus was damaged in the sum of $230,000, and that Topsøe, if found to be an independent contractor who resold to Aarhus, is liable to plaintiff for all the damages sustained by Aarhus, all to the damage of Topsøe in the sum of $230,000.

Some questions as to the ability of Topsøe to state a claim might be raised.

It is, in general, improper for the court to make such inquiry before allowing amendment. The normal procedure is to defer such investigation to a motion to dismiss or for summary judgment after amendment. Emich Motors Corp. v. General Motors Corp., 7 Cir., 1956, 229 F.2d 714, 718; McNaughton v. New York Central Railroad Co., 7 Cir., 1955, 220 F.2d 835, 840; Peterson Steels v. Seidmon, 7 Cir., 1951, 188 F.2d 193, 194.

Aarhus admits that the Wisconsin statute of limitations has run against any claim that Topsøe might state against Smith and therefore requests that the court allow the amended complaint to relate back to the original complaint under Rule 15(c). In this situation the court need not allow the amendment and wait for the inevitable motion to dismiss if it decides that relation back is improper. To do so would be a time-consuming and useless act.

■ Both parties admit that the Wisconsin statute of limitations is applicable. This is correct; see Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079. The further question is presented whether, in applying Federal Rule 15(c) on relation back of amendments when the statute of limitations has run, a federal court is bound to follow state law or should follow the federal law as it has developed under the federal rule. The Supreme Court appears to have reserved the question, Levinson v. Deupree, 1953, 345 U.S. 648, 73 S.Ct. 914, 97 L.Ed. 1319, and courts of appeal and district courts have applied Rule 15(c) without meeting it. The courts that have dealt with the point are divided.[1] Whatever may have been the case before adoption of the federal rules in 1938,[2] it seems clear that now federal law and construction should apply. The very title of the rules, i. e. *The Federal Rules of Civil Procedure*, indicates that the matters dealt with are procedural rather than substantive. The general command of Rule 15(a) is that leave to amend shall be freely given when justice so requires. Certain broad guiding principles have developed under 15 (c), such as the principle that controversies are to be determined on their merits and not upon procedural niceties, that a change of legal theory cannot be the test of a proposed amendment, and that a technical rule should not be applied in determining whether the cause of action

[1]. Federal law applies: Carroll v. Sterling Hotel Co., D.C.M.D.Pa.1954, 16 F.R.D. 99, 100; Borup v. National Airlines, D.C.S.D.N.Y.1954, 117 F.Supp. 475, 477; Robert W. Irwin Co. v. Sterling, D.C.W.D.Mich.1953, 14 F.R.D. 250, 254; Shelton v. Seas Shipping Co., D.C.E.D. Penn.1947, 75 F.Supp. 195, 201; Bixby v. Chris Craft Corp., D.C.E.D.Mich.S.D. 1946, 7 F.R.D. 80, 81; Barthel v. Stamm, 5 Cir., 1944, 145 F.2d 487, 490; certiorari denied 324 U.S. 878, 65 S.Ct. 1026, 89 L.Ed. 1430; Michelsen v. Penney, 2 Cir., 1943, 135 F.2d 409, footnote 417; Kincheloe v. Farmer, 7 Cir., 1954, 214 F.2d 604, 605; certiorari denied 348 U.S. 920, 75 S.Ct. 306, 99 L.Ed. 721; Gifford v. Wichita Falls & Southern Railway Co., 5 Cir., 1955, 224 F.2d 374, 376; certiorari denied 350 U.S. 895, 76 S.Ct. 153, 100 L.Ed. 787; Schaad v. New York Life Insurance Co., D.C.E.D.

Tenn.N.D.1948, 79 F.Supp. 463, 468; Moore v. Illinois Central R. Co., D.C. S.D.Miss.1938, 24 F.Supp. 731, 733. State law applies: St. Paul Fire & Marine Insurance Co. v. Continental Building Operating Co., D.C.W.D.Mo. 1956, 137 F.Supp. 493; Petsel v. Chicago, B. & Q. R. Co., 8 Cir., 1953, 202 F.2d 817; Cummings v. Greif Bros. Cooperage Co., 8 Cir., 1953, 202 F.2d 824; De Fay v. East & West Insurance Co. of New Haven, D.C.N.D.Ill.E.D.1951, 101 F.Supp. 922; Brown v. New York Life Insurance Co., D.C.D.N.J.1940, 32 F. Supp. 443, 444.

[2]. See Howe v. Haterius, 8 Cir., 1933, 66 F.2d 835; Taylor Co. v. Anderson, 1928, 275 U.S. 431, 48 S.Ct. 144, 72 L.Ed. 354, affirming, 7 Cir., 1926, 14 F.2d 353; and United States, to use of Shade Shop v. R. B. McDanel Co., D.C.E.D.Va.1936, 16 F.Supp. 905.

stated in the original and in the amended pleading is identical. These plainly show that the rule is not to be limited by state laws on amendment which, at least in many jurisdictions, are far more restrictive than the federal rule was intended to be.

■■ The basic general or guiding principles to be used with Rule 15(c) are set forth in the decision of this court in Green v. Walsh, D.C.E.D.Wis.1957, 21 F.R.D. 15. Application of these guides to cases involving a change or alteration of the parties to the action has resulted in a certain discernable pattern of decisions. Thus, amendment with relation back is generally allowed in order to correct a misnomer of defendant where the proper defendant is already in court and the effect is merely to correct the name under which he is sued.[3] But a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run.[4] A plaintiff may usually amend under 15(c) to change the theory or statute under which recovery is sought;[5] or to correct a misnomer of plaintiff where the proper party plaintiff is in court;[6] or to change the capacity in which plaintiff sues;[7] or to substitute or add as plaintiff the real party in interest;[8] or to add additional plaintiffs where the action, as originally brought, was a class action.[9]

Some cases have allowed a party plaintiff to be added or substituted by amendment where there was no question of real party in interest or class suit. In Goldenberg v. World Wide Shippers & Movers of Chicago, 7 Cir., 1956, 236 F.2d 198, the other partner of a two-man partnership was added by amendment to an action originally brought by one partner to recover damages for breach of a partnership contract, but the statute of limitations was apparently not involved. Partners were also added as party plaintiffs, after the statute of limitations had run, in De Franco v. United States, D.C.S.D. Cal.1955, 18 F.R.D. 156, which involved a partnership tax refund claim for erroneously collected withholding taxes. The court in Anglo Canadian Shipping Co. v. United States, 9 Cir., 1956, 238 F.2d 18,

3. Grandey v. Pacific Indemnity Co., 5 Cir., 1954, 217 F.2d 27; Sechrist v. Palshook, D.C.M.D.Penn.1951, 97 F.Supp. 505; Lomax v. United States, D.C.E.D.Penn.1957, 155 F.Supp. 354, 358; Contra, Harris v. Stone, D.C.D.C.1953, 115 F.Supp. 531.

4. Kerner v. Rackmill, D.C.M.D.Penn.1953, 111 F.Supp. 150; Messelt v. Security Storage Co., D.C.Del.1953, 14 F.R.D. 507; Lomax v. United States, D.C.E.D. Penn.1957, 155 F.Supp. 354; Wagner v. New York, Ontario & Western Railway, D.C.M.D.Penn.1956, 146 F.Supp. 926; Davis v. L. L. Cohen & Co., 1925, 268 U.S. 638, 45 S.Ct. 633, 69 L.Ed. 1129.

5. Green v. Walsh, D.C.E.D.Wis.1957, 21 F.R.D. 15 and cases cited there.

6. Simonton v. James, 5 Cir., 1954, 212 F. 2d 174 (statute of limitations and relation back seemingly not involved).

7. Levinson v. Deupree, 1953, 345 U.S. 648, 73 S.Ct. 914, 97 L.Ed. 1319; Missouri, Kansas & Texas Railway v. Wulf, 1913, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355.

8. National Bank of Washington v. District of Columbia, 1955, 96 U.S.App.D.C. 399, 226 F.2d 763; Kansas Electric Power Co. of Leavenworth, Kansas v. Janis, 10 Cir., 1952, 194 F.2d 942; Wallis v. United States, D.C.E.D.N.C.1952, 102 F. Supp. 211; American Fidelity & Casualty Co. v. All American Bus Lines, 10 Cir., 1951, 190 F.2d 234; certiorari denied 342 U.S. 851, 72 S.Ct. 79, 96 L. Ed. 642; Hoffman v. United States, D.C. S.D.N.Y.1940, 32 F.Supp. 939; Weldon v. United States, 1 Cir., 1933, 65 F.2d 748; Contra, St. Paul Fire & Marine Insurance Co. v. Continental Building Operating Co., D.C.W.D.Mo.1956, 137 F.Supp. 493.

9. Moore's Federal Practice, Vol. 3, § 23.-12, p. 3476; Culver v. Bell & Loffland, Inc., 9 Cir., 1944, 146 F.2d 29, but specific result changed by Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., in employee suits under Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.

in order to supply proper venue, allowed a petition to be amended to include as a petitioner an unincorporated association to which all the original petitioners belonged and which was one of the parties to the earlier administrative hearing. The statute of limitations was seemingly not involved but relation back was ordered. Nor was a statute of limitations question present in Helene Curtis Industries v. Sales Affiliates, D.C.S.D.N.Y. 1952, 105 F.Supp. 886, where an additional plaintiff was brought in by amendment.

Of these cases, some are to be distinguished from the case before the court because they did not involve any issue of the statute of limitations and relation back. Others, such as those where the real party in interest was added or substituted, and including the partnership cases mentioned above, also differ from the situation where an alternative party plaintiff is added. They involved a situation where the wrong allegedly done was done to a particular entity, such as the insured in the real party in interest cases, or the partnership. There, it basically mattered not to the defendant that a subrogated insurer was substituted or remaining partners added since all claims had to be based upon the wrong done to the original entity which had already asserted, in one form or another, a claim against the defendant. But here, an attempt is made to bring in a separate claim. The original complaint was a suit upon a contract between Aarhus and Smith. The amendment seeks to bring in a suit on a contract between Topsøe and Smith after such suit has been barred or destroyed by running of the statute of limitations. This should not normally be allowed. See Iocono v. Anastasio, D.C. S.D.N.Y.1948, 79 F.Supp. 378; Murfkan v. Kahn, D.C.S.D.Fla.1951, 11 F.R.D.

520; Stafford v. Roadway Transit Co., 3 Cir., 1948, 165 F.2d 920; Kerner v. Rackmill, supra footnote 4; Messelt v. Security Storage Co., supra footnote 4; Lomax v. United States, supra footnote 4; Wagner v. New York, Ontario & Western Railway, supra footnote 4; Davis v. L. L. Cohen & Co., supra footnote 4.

■ Both because the motion to amend is made after answer, Rule 15(a), and more particularly because it seeks to add a party, thus involving Rule 21,[10] the amendment may be made only by leave of court. The granting or denial of the amendment is within the discretion of the trial judge. See Green v. Walsh, supra.

■ The original complaint did not inform defendant that Topsøe would claim to be the party to whom the defendant sold the machinery. Indeed, the amendment was not proposed until the defense of lack of privity had been urged. Nor did the original complaint alert Smith that there would be asserted a resale agreement between Topsøe and Aarhus under which Topsøe would be liable to Aahrus for any defect in the machinery. Were the amendment allowed and allowed to relate back, Smith would not only lose the defense of limitations as to Topsøe, but would be forced to add to the burden of its defense an investigation into the terms of the alleged resale agreement between Topsøe and Aarhus, its construction, presumably under Danish law, and its possible susceptibility to a statute of limitations, also presumably Danish. This investigation would not be simplified by the relationship that exists between Aarhus and Topsøe which, as appears from the course of this action to date, is not unfriendly. The prejudice to Smith is obvious.

Plaintiff's motion is hereby denied.

10. Pacific Gas & Electric Co. v. Fibreboard Products, D.C.N.D.Cal.S.D.1953, 116 F.Supp. 377, 382; Mitchell v. Car-borundum Co., D.C.W.D.N.Y.1947, 7 F.R.D. 523; Moore's Federal Practice, Vol. 3, § 15.07, p. 827.