Marvin L. GARDNER, as Trustee in Bankruptcy of Henry Matthes, Bankrupt, Plaintiff,

v.

WHITE, WELD & COMPANY, a partnership, Defendant.

United States District Court
S. D. New York.
May 3, 1960.

Grossman & Grossman, New York City, for plaintiff.

Shearman, Sterling & Wright, New York City, for defendant. Michael J. DeSantis, New York City, of counsel.

DIMOCK, District Judge.

Defendant partnership moves under Rules 12(b) (6) and 56 F.R.Civ.P. to dismiss the complaint on the ground that Marvin L. Gardner, who sues "as Trustee in Bankruptcy of Henry Matthes, Bankrupt", is not such Trustee. The "Attorneys for Plaintiff" cross move under Rule 15(a) for permission to serve an amended complaint in which the named plaintiff will be Marvin Neben as Trustee in Bankruptcy of Henry Matthes, Bankrupt. The action is one to recover $2,580,250 as damages for breach of an alleged agreement to finance a project of the bankrupt.

Despite the identity of first names, the error was not a mere transposition of last names. Marvin L. Gardner and Marvin Neben are both lawyers in Cleveland, Ohio. On March 5, 1959, Mr. Neben was appointed Trustee in Bankruptcy of Henry Matthes by the United States District Court for the Northern District of Ohio, Eastern Division, and Mr. Gardner was appointed as his attorney. They, however, got their capacities confused and, for example, engaged in negotiations with counsel for defendant in this case with Mr. Neben assuming the role of counsel and Mr. Gardner assuming the role of trustee. When leave was asked by the Referee to employ counsel to bring this suit it was Mr. Gardner who acted as petitioner. Because of the same misapprehension local counsel were instructed to bring this action in the name of Mr. Gardner.

If the only question were one of misnomer the answer would be comparatively easy. Where a plaintiff is simply given a wrong name the defect is not fatal. Simonton v. James, 5 Cir., 212 F.2d 174. Here, however, the pleader intended that Mr. Gardner, whom he named, should be plaintiff although the claim was vested in Mr. Neben. The pleader here had the additional intention to make Henry Matthes' trustee in bankruptcy, whoever he was, plaintiff. Nevertheless, since the pleader intentionally named as plaintiff an individual other than the actual trustee, our problem is not one of misnomer but one of substitution.

The rule for substitution of parties is thus stated in New York Evening Post Co. v. Chaloner, 2 Cir., 265 F. 204, 213: "[w]here there is no change in the cause of action and the party substituted bears some relation of interest to the original party and to the suit the substitution is allowed."

The cause of action here would remain unchanged. In fact it was and is vested in the trustee in bankruptcy and the plaintiff was so described in the original complaint. The trustee and his at-

torney surely "bear some relation of interest" to one another and to the suit. A proper case is made out for substitution of Marvin Neben, as Trustee in Bankruptcy of Henry Matthes, Bankrupt, as plaintiff in the place and stead of Marvin L. Gardner, as Trustee in Bankruptcy of Henry Matthes, Bankrupt.

Motion to amend complaint granted.

Motion to dismiss complaint dismissed as moot.