**DISTRICT OF COLUMBIA, Petitioner,**

v.

**Marion Woodward PAYNE, Respondent.**

**No. 20036.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 26, 1966.

Decided Dec. 22, 1966.

262

Mr. Henry E. Wixon, Asst. Corp. Counsel for District of Columbia, with whom Mr. Milton D. Korman, Acting Corp. Counsel at time of argument, and Mr. Gordon M. Van Sanford, Asst. Corp. Counsel at time brief was filed, were on the brief, for petitioner.

Mr. Benton C. Tolley, Jr., Washington, D. C., for respondent.

Before FAHY, Circuit Judge, BASTIAN, Senior Circuit Judge, and TAMM, Circuit Judge.

BASTIAN, Senior Circuit Judge:

This matter is before us on petition for review of a decision of the District of Columbia Tax Court. The case involves an inheritance tax levied on respondent, Marion Woodward Payne, as residuary legatee of the estate of Henry Sterne Woodward, deceased.

The District of Columbia first claims that the Tax Court was without jurisdiction to entertain the appeal from the assessment of the inheritance tax in question. The second claim has to do with the substantive questions involved in the assessment of the tax.

We turn first to the question of jurisdiction. The facts are not in dispute. A person aggrieved by an inheritance tax assessment must file an appeal with the District of Columbia Tax Court within 90 days of the date of the assessment. D.C.Code § 47–2403 (1961). The Rules of Procedure of the Tax Court provide, in Rule 7(a) and (c), the requirements for formal petitions but, in note 1 to Rule 7(c), there are provisions for an informal petition which consist of "[a] *letter* addressed to the Court and actually signed by the taxpayer * * * if it contains statements sufficient to indicate that the Court has jurisdiction of the subject * * *." [Emphasis in original.] The note then provides that, in the event such a letter is filed, the court may order that a formal petition be filed within 15 days.

On the ninetieth day following the assessment in this case, the Tax Court received a letter signed by an officer of the American Security and Trust Company, which had been Executor of the Woodward estate. The letter specifically stated that it was sent as Agent for the respondent herein. It advised the Tax Court that respondent "[wished] to appeal the Inheritance Tax Assessment levied against her by the Finance Office for the District of Columbia." Thereafter, on June 23, 1965, the Tax Court directed respondent to file a formal petition within 15 days of that date. Formal petition in proper form, signed in person by respondent, was filed with the Tax Court on July 8, 1965. The District of Columbia filed a motion to dismiss the petition on the ground that the procedure just described was ineffective to confer jurisdiction on the Tax Court to determine the issues involved in the petition. The Tax Court, on final hearing of the case, denied the motion to dismiss, and it is toward this action of the Tax Court that this petition for review is directed.

We agree with the Tax Court in its construction of its own rules.

■ It is perfectly obvious that the letter received by the Tax Court on the ninetieth day following the assessment was sent by an agent for respondent herein and contained a statement "sufficient to indicate that the Court [had] jurisdiction of the subject."

■■ We give great weight to the construction by the Tax Court of its own rules, which is supported by equity and justice. *Cf.* National Bank of Washington v. District of Columbia, 96 U.S.App. D.C. 399, 226 F.2d 763 (1955). Moreover, the rule, in our opinion, was substantially complied with.

We turn now to the substantive matters involved. These are two in number.

*First.* The District of Columbia contends that the Tax Court was in error in allowing deduction for the full amount of funeral expenses paid and the cost of a grave marker.

The Executor expended $997.53 to Joseph Gawler's Sons, Inc., for services rendered in connection with decedent's funeral and burial. In addition, the Executor paid to Cedar Hill Cemetery the sum of $92.25 for a grave marker placed on decedent's grave. These amounts were approved as deductions from the gross estate by the United States District Court holding Probate Court. The Executor, in the inheritance tax return, deducted the total of these sums, aggregating $1,089.78, from decedent's gross estate in computing the value of respondent's bequest.

In assessing the inheritance tax, the assessing authority of the District of

Columbia disallowed the deduction to the extent of $89.77. From this disallowance, respondent appealed to the Tax Court.[1]

The Tax Court held the taxing authority to be in error, citing Sinnott v. Kenaday, 14 App.D.C. 1 (1899), to the effect that the amount paid for the grave marker was not a funeral expense. The Tax Court further stated that "it must be presumed that the Probate Court in approving the total expenditure of the executor's account, did so for valid reasons * * *."[2]

The District of Columbia cites National Metropolitan Bank v. Joseph Gawler's Sons, 83 U.S.App.D.C. 307, 168 F.2d 571, 4 A.L.R.2d 990 (1948), as diminishing the effect of Sinnott. We do not agree. In National Metropolitan, the court merely distinguished that case from *Sinnott*, stating:

"We do not agree that Sinnott v. Kenaday, 14 App.D.C. 1, supports the ruling of the Municipal Court of Appeals. That case, rightly or wrongly, goes no further than to hold that certain expenditures by an executor for a cemetery lot and monument were not funeral expenses within the meaning of the statute." 83 U.S.App.D.C. at 310, 168 F.2d at 574.

The District of Columbia contends here that the increased assessment was valid, citing Sec. 6(a) of the regulations pertaining to the inheritance tax law. That regulation provides, in part, that "[t]here may be allowed as deductions such amounts for funeral expenses as are actually expended, but not exceeding $1,000 unless an expenditure in excess of $1,000 is directed in the will of the decedent. * * *" Thus it is claimed that the most that could be allowed as

a deduction is the sum of $997.53 paid to Joseph Gawler's Sons, Inc.

The District further relies on that part of the regulation which provides that no deduction shall be allowed for a monument or memorial unless such expenditure is directed in the will of the decedent. So the District argues that, as no such direction was contained in the will, the sum of $92.25 should not be allowed. This loses sight of the fact that, for reasons deemed proper by it, the Probate Court, in approving the final account of the Executor, had allowed the deduction of $1,089.78 as a proper charge against the gross estate, thus reducing the amount coming to the beneficiary, resulting, if the District were sustained, in taxing her on more than the value of what she received.

As we said in Hyman v. District of Columbia, 101 U.S.App.D.C. 179, 181, 247 F.2d 585, 587 (1957):

"[T]he only sensible view of the Congressional intention is that it was to require the [inheritance] tax to be computed on the value of what the beneficiary actually receives."

The amount received by respondent as the residuary beneficiary was reduced by the aggregate amount of $1,089.78 by virtue of the action of the Probate Court. The taxing authority's action would result in her being required to pay an inheritance tax on an amount which she never actually received. This was error, and the Tax Court was correct in its ruling on this point.

*Second.* Under the terms of the will, certain real estate belonging to the decedent in Columbus, Ohio, was devised to persons other than respondent, who is the residuary beneficiary. The Executor, as he was required by law to do,

1. We are not impressed by the argument of the District of Columbia that Congress has provided no deductions from the gross estate for inheritance tax purposes, and that, apparently, any deduction provided by regulation is in effect a matter of grace. A reading of the statutes involving inheritance tax shows, implicitly at least, ample justification for making such

deductions. See the following sections of the D.C.Code (1961): § 47–1601, § 47–1602, § 47–1604.

2. It may be noted in passing that the decedent left an estate of several hundred thousand dollars, and the expense of $92.-25 for the grave marker was *de minimus*, to say the least.

paid the full amount of all federal taxes from the personal residuary estate and took credit for the payment in its final account, which was duly approved by the Probate Court. In computing respondent's District of Columbia inheritance tax, the Executor deducted the total amount of the federal estate tax. The District of Columbia taxing authority, in making the assessment, disallowed the portion of federal estate tax paid on the value of the Ohio real estate. The basis of the disallowance was stated to be Sec. 6(g)[3] of the regulations. This regulation permits deduction of federal estate taxes paid only on property subject to the District of Columbia inheritance tax. Respondent appealed to the District of Columbia Tax Court. In that court, respondent urged that she had been subjected to an inheritance tax based on an amount completely fictitious, based on a formula which is arbitrary and capricious, and that her inheritance tax as assessed is not based on the market value of her residuary share. We agree.

It is to be noted that the clear intent of Congress is to impose a tax on the market value of an inheritance received, and that there are no estate tax apportionment provisions in the District of Columbia inheritance tax law. If Congress had intended to allow apportionment, it could easily have done so. We held in Hepburn v. Winthrop, 65 App. D.C. 309, 83 F.2d 566, 105 A.L.R. 310 (1936), that payment of the estate tax out of the personal residuary estate is similar to the payment of debts, and thus an expense of the administration of the estate. It is the contention of the petitioner that *Hepburn* has been overruled by the Supreme Court in Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 87 L. Ed. 106 (1942), and by the Commissioners' regulation. A mere reading of the *Riggs* opinion shows its inapplicability to the present situation.[4]

The petitioner contends also that the District of Columbia regulations limiting deductions for District inheritance tax purposes should be sustained as a long-standing administrative construction of the statute, even if this court should consider that the construction is not the only reasonable one and even if the regulations do not represent the result which the court would have reached had the question arisen in judicial proceedings without regulations in effect.

We recognize that a long and unvarying administrative practice is a very persuasive influence as to its validity. Such practice, however, cannot change what is clearly the legislative intent. See Bouse v. Hutzler, 180 Md. 692, 26 A.2d 767, 141 A.L.R. 843 (1942). Of course, where the language of a statute is ambiguous and susceptible of two reasonable constructions, a long and unvarying administrative practice does have a very persuasive influence. Here it seems to us that any such administrative practice must give way to the plain meaning of the statute and cannot stand.

We are in accord with the Court of Appeals of Maryland in Clarke v. Welden, 204 Md. 26, 102 A.2d 560 (1954). There a Maryland resident died leaving, in addition to Maryland assets, real estate in the District of Columbia. In computing the Maryland inheritance tax, the

---

3. Sec. 6(g): "There shall be allowed as a deduction from the gross estate that proportionate part of the total Federal estate tax determined by the use of the following fraction:
   (1) the numerator shall be the total net value of all transfers of property or portions thereof which are subject to District inheritance tax; provided however, that the net value of any transfer so included shall not exceed the net amount at which transfer is valued for Federal estate tax purposes.
   (2) The denominator shall be the total

net value of the estate subject to Federal estate tax, inclusive of the value of insurance benefits subject to such tax."

4. That case merely held that the federal estate tax should be paid out of the estate as a whole, and that the applicable state law as to the devolution of property at death should govern the distribution of the remainder and the ultimate impact of the federal estate tax; also, in *Riggs*, it was the New York apportionment law that was involved.

Executrix and sole beneficiary claimed as a deduction the entire federal estate tax on all of the decedent's property, including the portion attributable to the real estate in the District of Columbia, as to which a deduction had been allowed by the District of Columbia. The Maryland Court of Appeals affirmed.

It follows that the decision of the District of Columbia Tax Court must be

Affirmed

FAHY, Circuit Judge (concurring):

I concur in affirmance; for while Section 47–1602, D.C.Code, provides that the tax "shall be paid on the market value of the property or interest therein at the time of the death of the decedent," the particular expenditures here were approved by the Tax Court, were reasonable in amount, and I think may fairly be taken into account in determining, at the time of the decedent's death, the market value of the inheritance upon which the tax was levied.