RUTH ABATE ET AL. *v.* BARKERS OF WALLINGFORD, INC., ET AL.

COURT OF COMMON PLEAS    NEW HAVEN COUNTY    FILE No. 69718
AT NEW HAVEN

Memorandum filed April 10, 1967

*Sachs, Sachs, Giaimo & Sachs,* of New Haven, for the plaintiffs.

*Schatz, Weinstein & Seltzer,* of Hartford, for the named defendant.

*Wiggin & Dana,* of New Haven, for the defendant Endicott Johnson Shoe Company.

MIGNONE, J. The third-party defendant herein has demurred to the second and third counts of the plaintiffs' amended complaint on the ground that on the face of this complaint the claims alleged are barred by the applicable statutes of limitations.

The original complaint was brought against the defendant Barkers of Wallingford, Inc., and was returned on the first Tuesday of December, 1963. It alleged a breach of warranty in the sale of a pair of defective ice skates purchased by the named plaintiff. It also alleged negligence in failing properly to inspect the condition of the skates. Thereafter, on September 16, 1966, the defendant Barkers of Wallingford, Inc., filed a third-party complaint, pursuant to General Statutes § 52-102a, enacted at the February, 1965, special session as Public Act No. 417, against the third-party defendant Endicott Johnson Shoe Company, the manufacturer of the skates. Following this, the plaintiffs filed their "Amended Complaint in Accordance With Public Act No. 417" on January 9, 1967, setting out a second count against the defendant Endicott Johnson Shoe Company, alleging a breach of warranty in the sale of the ice skates. A third count alleges negligence by the third-party defendant in defectively manufacturing, and failing properly to inspect, the skate in issue. The third-party defendant has demurred as set out above, presenting the issue whether the applicable statutes of limitations bar the actions set out in these two counts.

The plaintiffs argue that § 52-102a is remedial legislation and should be liberally construed. The third-party defendant contends that it affirmatively appears from the complaint itself that the action is barred by the applicable statutes of limitation.

Although the plaintiffs deny this, it is patent that all the facts necessary to a determination of whether the plaintiffs' complaint against the third-party defendant is timely and sustainable are apparent on the record. The raising of the issue by demurrer is, therefore, proper. *Vilcinskas* v. *Sears, Roebuck & Co.,* 144 Conn. 170.

The demurrer to the third count, which sounds in negligence, claims that § 52-584 is the applicable Statute of Limitations. This section limits the bringing of an action to recover damages for injury to the person caused by negligence to a period within one year from the date when the injury is first sustained. Since the personal injury to the named plaintiff was sustained on January 6, 1963, under the demurrer the action would be outlawed.

The question, therefore, is whether § 52-102a, under which the plaintiffs are proceeding, operates to prevent the barring of this one-year statute. Section 52-102a was enacted at the February, 1965, session, and the pertinent portion in issue here provides: "The plaintiff, within twenty days after the third-party defendant appears in the action, may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the original complaint, and the third-party defendant, as against such claim, shall have available to him all remedies available to an original defendant, including the right to assert set-offs or counterclaims against the plaintiff." A reading of the act as a whole makes it clear that it does not state that it shall operate retrospectively.

The plaintiffs argue that this act is remedial in nature and that by allowing the bringing of this action beyond the period of the one-year Statute of Limitations no substantive rights would be vio-

lated. As is brought out in *Massa* v. *Nastri,* 125 Conn. 144, 148, "[a] legal exemption from or limitation upon liability stands on quite as high ground as a right of action. If the law at the time the right of action accrued is such that a plaintiff may claim it as a vested right, equally a defendant has an equivalent vested right to an exemption. If the effect of a construction contended for 'would be to impose a liability for a past occurrence where none existed at the time, or, what is the same thing, take away a legal defense available at the time, it is to be avoided.'" See also *E. M. Loew's Enterprises, Inc.* v. *International Alliance,* 127 Conn. 415, 418. As is further brought out in *Demarest* v. *Zoning Commission,* 134 Conn. 572, 574, "[w]hether a statute will be given a retrospective effect presents primarily a question of legislative intent, and where the legislature makes no specific provision, as it did not in the law before us, the matter becomes one of presumed intent. It is a general rule that, in so far as a new law might affect substantive rights, the legislature, unless it has indicated a contrary intent, is presumed to have intended that it should not apply to pending proceedings, but that where its terms are general and affect only procedural matters it applies in all proceedings, whether pending or not."

An attempt to ascertain the intent of the legislature has been fruitless. The transcript of proceedings in the senate on substitute for Senate Bill 1202, entitled "An Act Permitting Defendants in a Civil Action to Implead a Person Who May Be Liable to Him for All or Part of the Plaintiff's Claim," shows only that there was a favorable report of the joint standing committee on judiciary and governmental functions. The chairman of the committee moved its acceptance, stating: "Mr. President, I move acceptance of the committee's favorable report and

passage of the bill. The bill would bring into our procedure the impleading process of the federal procedure. It's a worthwhile device to have on occasion and I think it will improve our court procedure." 11 S. Proc., pt. 6, Feb. 1965 Spec. Sess., p. 1977. In the house, the transcript of the proceedings in connection with this same bill shows only that its acceptance was moved on the basis of the committee's favorable report, and the movant stated: "Mr. Speaker, this Bill is designed to in effect to speed up the calendar by permitting impleading and cross complaints, so that all of the rights of parties to a specific occurrence can be settled in one lawsuit. I think it's a good Bill and should pass." 11 H. R. Proc., pt. 7, Feb. 1965 Spec. Sess., p. 3335. The title of the act itself seems to indicate that its primary purpose is to permit a defendant in a civil action to implead a person who may be liable to him for all or part of the plaintiff's claim. The act itself provides that the third-party defendant "shall have available to him all remedies available to an original defendant."

The court must conclude that § 52-102a does not act to defeat the barring by the one-year Statute of Limitations the claim of personal injuries due to the negligence of the third-party defendant as set out in the third count.

The third-party defendant has also demurred to the second count, which sets up a claim of breach of implied warranty that the ice skates in question were fit for the purpose of ice skating. The count thereafter alleges that the named plaintiff was caused to crash and fall upon the ice because "said ice skates were in a defective and dangerous condition in that the skating blade of the right shoe was improperly and defectively welded, connected, fastened, secured and attached to the heel plate,

so-called, of the right skate shoe." The question raised by the demurrer to this count is whether the Statute of Limitations as to tort actions, § 52-577, setting up a three-year limitation of action, applies, or whether § 42a-2-725 of the Uniform Commercial Code, setting up a four-year limitation commencing from the date the cause of action has accrued, is the applicable statute.

The issue is thus presented as to whether this is a tort action, rather than one lying in implied warranty, to be dealt with within the framework of the rapidly crystallizing law of products liability. The most recent decision of our Supreme Court, *Rossignol* v. *Danbury School of Aeronautics, Inc.*, 154 Conn. 549, has further crystallized the law of products liability in this state. Justice House's decision, in reviewing the law of products liability, points out (p. 558) that in a number of previous decisions the court has considered "various aspects of the developing law regarding products liability . . . as distinguished from liability predicated on contract or simple negligence." This decision refers to *Garthwait* v. *Burgio,* 153 Conn. 284, 289, where the court discusses with approval the rule recently adopted in § 402A of volume 2 of the Restatement (Second) of Torts. The decision in *Rossignol,* supra, 559, quotes significantly, comment m in the Restatement (Second), 2 Torts § 402A: "The rule stated in this Section does not require any reliance on the part of the consumer upon the reputation, skill, or judgment of the seller who is to be held liable, nor any representation or undertaking on the part of that seller. The seller is strictly liable although, as is frequently the case, the consumer does not even know who he is at the time of consumption. The rule stated in this Section is not governed by the provisions of the Uniform Sales Act, or those of the Uniform Commercial Code, as

to warranties; and it is not affected by limitations on the scope and content of warranties, or by limitation to 'buyer' and 'seller' in those statutes. . . . It is much simpler to regard the liability here stated as merely one of strict liability in tort."

The decision in *Rossignol,* supra, is a clear indication that the liability claimed by the plaintiffs against this third-party defendant is essentially a tort liability and must be so treated for the purpose of deciding the issues raised by the demurrer; and further that it is not properly within the confines of the implied warranty sections of the Uniform Commercial Code. The court finds that § 52-577, stating that "[n]o action found upon a tort shall be brought but within three years from the date of the act or omission complained of," controls and must be given effect here. See also *Ricciuti* v. *Voltarc Tubes, Inc.,* 277 F.2d 809 (2d Cir. 1960). The court finds that it affirmatively appears from the complaint itself, based on the dates therein set out, that the skates were purchased on or about December 17, 1962, and that the named plaintiff was injured on January 6, 1963, because of the defective condition of said skates.

Although there are no Connecticut cases which deal precisely with the issue presented here, since § 52-102a is admittedly based on subdivision (a) of Rule 14, "Third Party Practice," of the Federal Rules of Civil Procedure, allowing the interpleader of a third-party defendant, reference may be made to a number of federal court cases which appear to uphold the conclusion reached herein.

On the question of the nature and effect of this statute, the opinion in *Guaranty Trust Co.* v. *York,* 326 U.S. 99, a case involving the issue of the applicability in a federal court action of a Statute

of Limitations of the state of New York, is particularly apropos. It states (p. 110): "Plainly enough, a statute that would completely bar recovery in a suit if brought in a State court bears on a State-created right vitally and not merely formally or negligibly."

*Tomle* v. *New York Central Railroad*, 234 F. Sup. 101 (N.D. Ohio 1964), involved a situation where the plaintiff, a passenger in an automobile, was injured in an accident on October 29, 1961, at a gate crossing of the defendant railroad. On May 1, 1964, a new party defendant, Pontiac Motors Division, General Motors Corporation, the manufacturer of the automobile in which plaintiff was a passenger, was added. This defendant thereupon moved to dismiss the two counts against it, one sounding in negligence for negligent design of the automobile and the other alleging breach of an implied warranty of fitness, on the ground that the two-year Ohio Statute of Limitations as to actions for "bodily injury" controlled. The plaintiff claimed that a six-year Statute of Limitations in contract actions not in writing was applicable as to the implied warranty count. The court dismissed both counts against the defendant Pontiac Motors, holding that the two-year bodily injury Statute of Limitations was applicable and barred the bringing of the action by the plaintiff against this defendant.

*Frankel* v. *Back*, 37 F.R.D. 545 (E.D. Pa. 1965), is also directly in point. This involved a personal injury claim by the plaintiff passenger arising out of an accident on September 22, 1960, originally brought against one defendant, who in turn filed a third-party complaint against a third-party defendant. On December 22, 1964, the plaintiff moved for leave to amend the complaint to set forth a claim directly against the third-party defendant. The

court denied permission to the plaintiff to file a complaint against the third-party defendant because the two-year Pennsylvania Statute of Limitations applicable to the claim for bodily injury had come into operation. The court points out (p. 547) : "The joinder of a third party defendant in and of itself does not assert a claim as between the plaintiff and the third party defendant, but is the assertion of a right by the original defendant against some one not a party to the action. Therefore the disposition of the third party complaint only affects the rights as between the original defendant and the third party defendant. . . . It is also well established that the filing of a third party complaint by the original defendant does not toll the running of the Statute of Limitations on a cause of action between the plaintiff and the third party defendant." And at page 548 the opinion brings out: "In the instant case, plaintiff never filed a claim against the third party defendant so that the requested amendment would amount to an original claim against the third party defendant after the statute of limitations has run and not the amendment of a pleading already filed setting forth a claim against the third party defendant." See also *Aarhus Oliefabrik, A/S* v. *A. O. Smith Corporation*, 22 F.R.D. 33 (E.D. Wis. 1958).

The court, therefore, reaches the conclusion that the statutes of limitation have run as to the allegations set out in both the second and third counts of the plaintiffs' complaint against the third-party defendant, for the reasons hereinabove set out.

The demurrer is sustained as to both the second and third counts of said complaint.